**Leonard WALTERS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–054–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 17, 1982.

Michael R. Thomas, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Fort Worth, for State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of murder. Punishment was assessed by the jury at 50 years confinement in the Texas Department of Corrections.

We affirm the judgment of the trial court.

The facts will be discussed in detail under appellant's ground of error two below. Suffice it to say, at the outset, that appellant was convicted of murdering an eighteen year old cab driver on the night of March 16, 1978 in Fort Worth.

Initially, appellant asserts that the indictment charging him with the offense in question should have been set aside because of the State's failure to comply with the Speedy Trial Act, Vernon's Ann.C.C.P. art. 32A.02. The Act provides in part: "Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the State is not ready for trial within: (1) 120 days of the commencement of a criminal action if the defendant is accused of a felony; . . . ." Appellant was arrested on March 25, 1978. The State announced "ready" on June 29, 1978. However, trial did not commence until November 13, 1978, following two continuances requested by and granted to the State.

■ The Speedy Trial Act became effective July 1, 1978. Time limits imposed by the Act, as to cases then pending, ran from that date. *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.—1978). The State's duty under the Act was to be ready for trial by October 28, 1978. The State's June 29th announcement of ready was a prima facie showing that it had satisfied the requirements of the Act. This assertion is capable of being rebutted by evidence that the State was in fact not ready within the time constraints of the Act. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.—1979). On the day of trial, prior to the trial itself, a hearing was held on appellant's motion to set aside the indictment. Prosecutors testified that the State had been ready to proceed to trial as of June 29, 1978. Appellant sought to rebut this testimony, by showing on cross-examination, that at the time the State announced ready, the prosecutors had not conducted personal interviews with the State's witnesses. We do not find this sufficient to rebut the State's prima facie showing that it was ready for trial within the meaning of the Act.

■ The second reason that appellant's initial contention must fail is that the State was entitled to a reasonable delay, under the Act, to secure material evidence. Vernon's Ann.C.C.P. art. 32A.02, sec. 4(6)(A). "There are many instances in the Act which exclude certain time before the trial before the Act is applicable. It was not provided for by the Legislature that the cause must be tried within 120 days. Unusual circumstances may justify further delay." *Fraire v. State*, 588 S.W.2d 789, 791 (Tex.Cr.App.—1979). In the instant case, a material State's witness had undergone surgery for throat cancer and his larynx had been removed. The State was granted its continuances so that this witness, James Anderson, would have time to recover and be able to testify at trial. Despite these efforts, the witness was physically unable to testify at trial. However, this does not defeat the State's good faith, diligence and expectation that the witness would be able to testify. The continuances were properly granted under the statute and did not constitute unreasonable delay. The appellant has failed to show that the State breached the mandates of the Speedy Trial Act. The first ground of error is overruled.

Next, appellant contends that the circumstantial evidence before the jury was insufficient to support its finding of guilt. The evidence adduced at trial is set out below.

On the night of March 16, 1978 an 18 year old cab driver, Patrick Smith, was dispatched to John Peter Smith Hospital to pick up a fare. The time was 9:43 p. m. At about 10:00 p. m. the dispatcher lost contact with Smith and sent another cab driver out to look for him. At approximately the same time, one Arthur Young, his wife and a friend were driving down East Magnolia in Fort Worth. They came upon a cab with its engine running and its lights on, pulled up over the curb and straddling the sidewalk. Young stopped his car about seven feet behind the cab. Suddenly a man popped up from in front of the cab and started walking down the street away from Young. Young pulled his car alongside the man and asked if there was any trouble. The man produced what appeared to be a pistol and said, "[H]ell, man, go ahead." Young sped off and thereafter came upon the cab sent in search of Smith. Together they returned to the parked cab. Smith was found alive with a gunshot wound to the head. He was taken to a hospital where he died as a result of the wound. A watch and a wallet were missing from his personal effects.

■ When faced with a challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We find the evidence adduced in this case is sufficient to meet the above stated test. In *Parker v. State*, 457 S.W.2d 638 (Tex.Cr.App.—1970), a murder conviction was affirmed on circumstantial evidence very similar to that presented in the case at hand. In both cases the evidence consisted of testimony of a witness who saw the appellant leave the scene of the crime shortly after its commission. The appellant's suspicious conduct, in jumping up from in front of the cab, fleeing the scene, and drawing a pistol when approached by a witness who comes upon the scene of the crime, supports a sufficient inference of guilt to enable a rational trier

of fact to find appellant guilty. The evidence in this case reveals more than mere presence and flight from the scene, which has been held to be inadequate as the sole basis of guilt. *Moore v. State*, 532 S.W.2d 333 (Tex.Cr.App.1976).

■ Appellant also argues that because the State chose not to call as witnesses the other two occupants of the car driven by Young the evidence is insufficient. This contention is without merit. Where the State's evidence is obviously weak and the State fails to call as witnesses, or account for their absence, those whose testimony would cast additional light on the case, the appellate court will treat the evidence as insufficient to support the conviction. *Ysasaga v. State*, 444 S.W.2d 305 (Tex.Cr.App.—1969). Conversely, if the State's circumstantial evidence is strong, the State is under no obligation to call additional witnesses. *Parker v. State, supra.* We find the latter rule applicable to the facts of this case. We also note that the two passengers in the car laid down in the seat when the gun was drawn. Consequently, their observation was not as complete as Young's. Additionally, one of the passengers, James Anderson, was unable to testify because his larynx had been removed.

■ In sum, we find the evidence sufficient to support the conviction. In so doing we are mindful that, "the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Jackson v. Virginia, supra* at 319, 99 S.Ct. at 2789. Appellant's second ground of error is overruled.

■ By his third ground of error, appellant contends that the prosecutor improperly commented on appellant's later decision not to take the witness stand. The prosecutor's statement, made during voir dire, is as follows:

Now in every criminal case a person accused of the criminal offense is protected by the fifth amendment. Along with

your presumption of innocence a person does not have to incriminate himself by taking the witness stand. However, a witness nay (sic) waive his constitutional rights and take the witness stand if they so desire. At that time you will just have another witness up there to look in the eye and decide.

After this statement was made, the trial court instructed the jury on the law of self-incrimination. Appellant's motion for mistrial was overruled and he cites such ruling as error.

Vernon's Ann.C.C.P. art. 38.08 states in part: "[T]he failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." Where the prosecutor, during voir dire, merely comments on the defendant's right not to take the stand, and has no way of knowing whether he will or not, there is no error. *Campos v. State*, 589 S.W.2d 424 (Tex.Cr.App.—1979); *McCary v. State*, 477 S.W.2d 624 (Tex.Cr.App.—1972). "We have previously held that such a statement does not constitute error in voir dire and cannot be taken at that time as a comment on a subsequent failure of appellant to testify." *Campos v. State, supra* at 426. Appellant's third ground of error is overruled.

Grounds of error four and five relate to certain testimony of a police officer in response to appellant's cross-examination. The following exchanges took place between appellant's counsel and the officer:

"Q. And then while you were down there did you fingerprint him? During your investigation there did you have fingerprints of the defendant?

"A. I personally did not fingerprint him, no.

"Q. Did you have it done or did someone at your direction?

"A. The policy of the Department is if the person has been in the jail previously that they do not take another set of fingerprints."

Appellant objected to the last answer as being non-responsive and asked for a mis-

trial on the basis that the last answer impermissibly injected extraneous offenses into evidence. The objection and the motion for mistrial were overruled. However, the court did instruct the jury not to consider the officer's last answer.

Later in the same cross-examination the following transpired:

"Q. Do you know how tall the defendant is?

"A. Approximately about the same height.

"Q. Have you got any record to show the height of the defendant in your investigation?

"A. Show what?

"Q. Show the height of the defendant?

"A. Just the back of the mug shot."

Again appellant's objection and motion for mistrial were overruled, but the court instructed the jury not to consider the last answer for any purpose.

Appellant contends that the testimony was of such a prejudicial nature as to constitute reversible error. We cannot agree.

An error in asking an improper question or in admitting improper testimony may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds.

*White v. State*, 444 S.W.2d 921, 922 (Tex.Cr.App.—1969); *Carey v. State*, 537 S.W.2d 757 (Tex.Cr.App.—1976); *Longoria v. State*, 507 S.W.2d 753 (Tex.Cr.App.—1974). We do not find that the testimony in question was clearly calculated to inflame the jury or was of such a nature as to be incurable by instruction. Grounds of error four and five are overruled.

The judgment of the trial court is affirmed.