**Jimmy Rogers BATY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00596–CR.**

Court of Appeals of Texas,
Dallas.

July 26, 1982.

Rehearing Denied Aug. 20, 1982.

Discretionary Review Refused
Oct. 20, 1982.

Donald C. Adams, Dallas, for appellant.

Henry Wade, Dist. Atty., Henry Whitley, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and FISH and ALLEN, JJ.

GUITTARD, Chief Justice.

Jimmy Rogers Baty was convicted of felony theft. He appeals on the ground, among others, that the court erred in overruling his motion to dismiss the indictment under the Speedy Trial Act, Tex. Code Crim. Pro. Ann. art. 32A.02 (Vernon Supp. 1980–1981). We hold that the trial court did not abuse its discretion in finding that the State was ready within the 120-day period, even though evidence at the hearing showed that the complaining witness was out of the state when the State's announcement of ready was filed. Appellant's other grounds are discussed and overruled in an unpublished supplement to this opinion. Accordingly, the judgment is affirmed.

The facts are established by evidence at a hearing immediately before trial. Appellant was arrested on July 30, 1980. He was indicted on September 3. Another indictment was returned on December 19, charg-

ing the offense in the same terms and adding a paragraph for enhancement of punishment. The earlier indictment was dismissed, and trial began on the second indictment February 9, 1981.

The State relies on a written announcement of ready filed December 10, 1980, 133 days after appellant was arrested. Within this period, the trial was passed several times on written agreements of counsel. Although some of these agreements are equivocal in that they provide that the right to a speedy trial is not waived, the record shows that the delay of 21 days from October 6 to October 27 had appellant's unqualified consent, as the trial court expressly found. Therefore, this period was properly excluded under section 4(3) of the Act. Accordingly, the State's announcement of ready on December 10 was within the 120-day period and supports the court's ruling unless the evidence at the hearing rebuts the State's announcement. *See Fraire v. State,* 588 S.W.2d 789, 791 (Tex. Cr. App. 1979); *Barfield v. State,* 586 S.W.2d 538, 542 (Tex. Cr. App. 1979).

The State's investigator testified that from October 19, 1980, through January 31, 1981, the complaining witness was performing military training at Fort Gordon, Georgia. When the investigator talked to her by telephone on October 8, she said that she was willing to come back at any time the State requested. The investigator also testified that on January 19 he spoke with the complainant's company commander, who advised him that complainant was then undergoing field training and would have to start the program over again if she missed it.

The assistant district attorney assigned to the case testified that after December 8, when the investigator informed him that the complainant had been located, until the trial began, the State remained ready to try the case against appellant and could have secured the presence of the complainant easily within twenty-four hours notice.

Appellant contends that this evidence is sufficient to rebut the State's announcement because the complainant was out of the state and did not return until after January 31, well past the 120-day period. We do not agree. An announcement of ready may be made in good faith even though a key witness is absent if counsel is in contact with the witness and has been assured that the witness will come to court on request. In these days of jet transportation, the availability of a witness is not rebutted by proof that the witness is outside the state. In view of the other evidence in the record, we conclude that the evidence supports the trial court's finding that the State was ready on December 10.

Neither is the announcement rebutted by evidence that when the announcement was made, trial was then set for January 19 and the prosecutor knew that the witness might not be available on that date. The crucial question is whether the State was ready on December 10, within the 120-day period. If the witness had become unavailable after that time, the State would have had "sufficient cause" for a continuance pursuant to Tex. Code Crim. Pro. Ann. art. 29.03 (Vernon Supp. 1982).

Since there is evidence justifying the trial court's finding that the State was ready on December 10, 1980, within the 120-day period prescribed by the Act, the trial court properly overruled appellant's motion to dismiss the indictment.

Affirmed.