**Guadalupe LOZANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0048–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 15, 1984.

Doyle W. Neighbours, Lake Jackson, for appellant.

Jim Mapel, Brazoria County Dist. Atty., Jim Turner, Brazoria County Asst. Dist. Atty., Angleton, for appellee.

Before EVANS, C.J., and BASS and BULLOCK, JJ.

## OPINION

EVANS, Chief Justice.

A jury found appellant guilty of murder. After finding that both enhancement allegations were true, the jury assessed punishment at confinement for life.

In a single ground of error, appellant contends that the trial court erred in overruling his pre-trial motion to dismiss for failure to comply with Tex.Code Crim.P. Ann. art. 32A.02, the Speedy Trial Act.

At the time of the offense, appellant was an inmate at the Darrington Unit of the Texas Department of Corrections. Appellant contends that, for purposes of computing time requirements under the Speedy Trial Act, he was "arrested" on the date of the incident, December 15, 1982. The state argues that the period of time within which the state must be ready for the purposes of the act did not commence until appellant was indicted, June 7, 1983.

The appellant testified that on the date of the incident an unidentified officer told him that he was under arrest. The deputy in charge of investigating the incident testified that when offenses were committed in the prison, standard procedure was to file charges directly with the grand jury, and that the authorities did not seek an arrest warrant. He also stated, however, that if appellant had not been a prisoner, he would "probably not" have been allowed to walk away.

On the date of the incident, the investigation by the deputy sheriff revealed that appellant had already made an incriminating statement, that he had blood on his clothing which had been taken from him for evidence, that he had two knives in his possession immediately after the victim was stabbed, and that he was found in the same cell line with the victim without having permission to be in that area.

There is no doubt that law enforcement officers detained the appellant on the date of the incident, and that kind of detention is usually considered an "arrest." We therefore find that appellant was under

arrest on December 15, 1982, the date of the offense.

The issue remains whether the period of 120 days set by the act commenced at that time.

Appellant's circumstances are analogous to the situation in *Lyles v. State*, 653 S.W.2d 775 (Tex.Crim.App.1983). Lyles was involved in a traffic collision on August 1, 1979, in which an occupant of the vehicle his semitractor hit was killed. Lyles was arrested on August 1, 1979, and after giving an in custody statement, he was released without bond. A complaint and information were filed later on August 13, 1979. The Court of Criminal Appeals stated that:

> In the instant case while the appellant was arrested on August 1, 1979 and detained in custody, he was released within 24 hours without bail and without charges being filed. The El Paso Court of Appeals was correct under the particular circumstances in finding the time limitations of Article 32A.02, supra, began on August 13, 1979, with the filing of the information.

653 S.W.2d at 776.

Section 2 of the Speedy Trial Act states that:

> A criminal action commences for purposes of this article when an indictment .. or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.

■ The statutory commencement of the action under the Speedy Trial Act is calculated from the date of arrest only if either 1) the detention for the same offense, or any other offense arising out of the same transaction, is continuous, e.g., *Lyles, supra,* or 2) the detention is followed by release on bail or personal bond. Appellant was not placed in detention for the same offense, or an offense arising from the same transaction, but was instead, already in detention for a prior offense. For violation of the prison's administrative rule, he was placed in special administrative custody. We hold that this criminal action commenced when the indictment was filed in court. *Garcia v. State*, 625 S.W.2d 431 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd).

■ Appellant alternatively argues that the state was not ready for trial within 120 days of the indictment. Appellant concedes that when the state announced that it was ready for trial on August 4, 1983, within the applicable time limitation, it became his burden to rebut their prima facie showing of readiness. *Barfield v. State*, 586 S.W.2d 538 (Tex.Crim.App.1979). To comply with the act, the state must be ready for trial by the 120th day after the commencement of the action. The state need not show that its witnesses were actually available to testify within the 120-day period, nor that the witnesses had been interviewed. *Walters v. State*, 628 S.W.2d 526 (Tex.App.—Fort Worth 1982 no pet.). In fact, witnesses may even be unavailable at some later date. *Baty v. State*, 638 S.W.2d 185 (Tex.App.—Dallas 1982, pet ref'd). It was established that this cause was not tried until approximately six months after indictment because of court docket delays. The Act requires preparedness of the prosecution for trial, and does not encompass delays caused by the trial court and its docket. *Barfield, supra.* The appellant failed to rebut the state's prima facie showing of readiness under the Act.

We overrule appellant's ground of error, and affirm the judgment of the trial court.