Maxie Don TRULL, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–85–0096–CR.

Court of Appeals of Texas, Tyler.

Sept. 30, 1986.

Clifton L. Holmes, Longview, for appellant.

John Tunnell, Dist. Atty., Longview, for appellee.

BILL BASS, Justice.

Appellant was convicted of forgery and assessed a punishment of five years' confinement and a $5,000 fine. He contends that the trial court erred when it granted a State's motion for continuance, overruled his motion to dismiss under the Speedy Trial Act,[1] and admitted into evidence contents of a briefcase that were obtained from a warrantless search. Since our resolution of the speedy trial issue is dispositive of the case we shall confine our discussion to those facts related to that question.

The following chronology is pertinent to a consideration of the speedy trial dispute:

| | |
|---|---|
| November 8, 1982 | Arrest. |
| February 24, 1983 | Indictment. |
| March 4, 1983 | Defendant arraigned; State announced ready; case set for April 18, 1983. |
| June 6, 1983 | Case called for trial, reset to June 27, 1983, due to State's witness problems. |
| June 27, 1983 | State 'announced'; Defendant announced ready; Motion to Dismiss Under Speedy Trial Act filed; case reset to July 11, 1983. |
| January 14, 1985 | Jury selected and instructed to return January 15, 1985. |
| January 15, 1985 | State granted continuance due to absent witness, over Defendant's objection; jury discharged and mistrial declared; case reset for January 28, 1985. |
| January 25, 1985 | First Amended Motion to Dismiss Under Speedy Trial Act filed. |
| January 28, 1985 | First Amended Motion to Dismiss Under Speedy Trial Act overruled; jury selected. |
| January 30, 1985 | Trial of case; Defendant convicted and sentenced. |

---

1. All references unless otherwise indicated are to Tex.Code Crim.Proc.Ann. art. 32A.02 (Vernon 1981).

The State announced ready March 4, 1983, 116 days after the commencement of the criminal action. Appellant argues that the State's periods of unreadiness may be aggregated, *Hernandez v. State*, 663 S.W.2d 5 (Tex.App.—El Paso 1983), and that, therefore, proof of only four more days of unexcused delay attributable to the State should compel the dismissal of the indictment. Appellant concedes that he had the burden of rebutting the State's prima facie showing of conformity with the Speedy Trial Act resulting from the declaration of readiness within the statutory limit. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). The court heard defendant's first amended motion to dismiss under the Act immediately prior to trial on January 28, 1985. Appellant contends he satisfied his obligation to rebut the State's prima facie showing by demonstrating that the State was unready at the June 6, 1983, setting when, as the docket sheet recites, the case was continued until June 27, 1983, "due to State's witness problems." In appellant's view, the State's unreadiness was further established on January 15, 1985, when, after the selection of the jury, it moved to continue the case because of the unavailability of a material witness. Appellant maintains that, upon this showing, the burden devolved upon the State to prove that the periods of delay occasioned by the two continuances were excludable under the Act. Since the State did not attempt to do this, appellant urges that the intervals of delay referable to the trial postponements of June 16, 1983, and January 15, 1985, must be added to the initial 116–day period in determining the State's compliance with the Act. Since the 116–day interval between arrest and the State's first announcement of ready, when added to either period of delay attributable to the State's continuances, totals more than 120 days, appellant argues the Act requires dismissal of the indictment.

■ The Texas Speedy Trial Act does not demand that the defendant be accorded a speedy trial; rather it "is designed to cause the prosecution to be 'ready for trial' speedily." *Ordunez v. Bean*, 579 S.W.2d

911 (Tex.Cr.App.1979); Clinton, *Speedy Trial—Texas Style*, 33 Baylor L.Rev. 707, 743 (1981). Read literally, its provisions require only that the prosecution be prepared to go to trial within the time limits prescribed. However, it is implicit in appellant's position and we agree that, as construed by the Court of Criminal Appeals in *Barfield* and subsequent cases, the Speedy Trial Act not only mandates preparedness by the prosecution before the expiration of the time limit appropriate to the offense, but that the Act also imposes a continuing obligation on the State to remain in readiness thereafter unless the periods of unpreparedness are excludable under section 4.

■ Appellant properly raised the issue by presenting to the court his motion for discharge for failure of the prosecutor to adhere to the Act's requirements. Although the appellant did not present evidence challenging the readiness of the State at the time of its initial announcement, the evidence adduced at the hearing on his motion demonstrated that the State announced not ready on June 6, 1983, resulting in a three-week postponement. The prosecuting attorney also testified that he "couldn't have gone very far" without the witness missing at the January 15, 1985, setting. When the statutory period has expired and the accused has properly invoked the Act, the trial court must grant the defendant's motion for discharge unless the State establishes that it was then ready for trial and had been ready for trial at all times since the criminal action commenced, or it establishes that sufficient periods of time within the prescribed period are excludable under the Act. *Teamer v. State*, 685 S.W.2d 315, 318 (Tex.Cr.App. 1984); *Smith v. State*, 659 S.W.2d 828, 830 (Tex.Cr.App.1983).

■ A voluntary announcement of ready by the State which is made, as in the instant case, before the running of the applicable time limit and before the defendant's invocation of the Act, creates a presumption of readiness which the defendant must rebut. *Smith v. State*, 659 S.W.2d

828 (Tex.Cr.App.1983). The announcement effectively tolled the running of the Act until the presumption of readiness was rebutted by appellant *or until the State announced not ready. Canada v. State,* 660 S.W.2d 528, 529 (Tex.Cr.App.1983). The State's readiness on the date of its March 4, 1983, announcement was uncontroverted by the appellant. The running of the Act was therefore tolled until June 6, 1983, when the evidence shows the State announced "not ready." After this announcement the State could no longer rely on the presumption arising from its initial March 4, 1983, declaration. *See Canada,* 660 S.W.2d at 529–30. The case was postponed for twenty-one days until June 27, 1983, when the docket sheet shows the State "announced" (presumably ready) and the defendant "announced ready." With the presumption destroyed, it was incumbent on the State to demonstrate that the resulting period of delay was excludable under section 4 of the Act. *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980); *Phipps v. State,* 630 S.W.2d 942 (Tex.Cr.App.1982).

■ In the case of the January 1985 delay, there was perhaps sufficient evidence in the record from which the trial court might have found that the delay was properly excludable. However, with regard to the delay resulting from the State's June 1983 continuance, there was no showing that the missing witness was material to the State's case, or that the State had exercised due diligence to obtain his attendance. There is no suggestion that the interval was excludable under any other provisions of the Act. The prosecutor who eventually tried the case and who testified at the hearing of the speedy trial motion was not assigned the case until July of 1984. He was understandably unfamiliar with the events surrounding the State's continuance of June 6, 1983, although he acknowledged that it was his understanding that the State had announced not ready at that time. He further testified that, from a review of the file, he could "see no indication that there was any reason we [the State] were not ready at that time." Still later he stated that one of the witnesses was out of the country at the time of the June 6, 1983, setting. In our view the State failed to carry its burden of showing that the twenty-one-day delay occasioned by its June 6, 1983, declaration of not ready was excludable under the Act.

We have considered those cases which hold that proof of the absence or unavailability of a key witness does not necessarily overcome the presumption of the State's readiness. *Walters v. State,* 628 S.W.2d 526 (Tex.App.—Fort Worth 1982, no pet.); *Baty v. State,* 638 S.W.2d 185 (Tex.App.—Dallas 1982, pet. ref'd); *Lozano v. State,* 680 S.W.2d 903 (Tex.App.—Houston [1st Dist.] 1984, no pet.). In *Walters,* the State was granted two continuances when it was shown that the State's witness was recovering from surgery for throat cancer resulting in the removal of his larynx. In *Baty,* the assistant prosecutor testified that, although the complainant was out of state until well past the expiration of the 120–day period, he was in contact with her and she had indicated she would return at any time the State so requested. The opinion in *Lozano* says only that the delay in the trial was due to the court docket, without explaining the defendant's contention regarding the unavailability of witnesses. Contrary to the State's argument in the present case, after its June 6, 1983, announcement of not ready, the State, not the defendant, had the burden of showing that part or all of the delay was excludable.

There is a complete absence of evidence in the record showing that any of the twenty-one-day interval of delay resulting from the State's June 6, 1983, announcement of not ready was excludable under the several exceptions provided by section 4 of the Act. This interval, when added to the 116 days prior to the State's original announcement of ready, exceeds the 120 days allowed the prosecution to be prepared for trial.

We must conclude under these facts that appellant is entitled to relief under the provisions of article 32.02, *supra.* In light of our disposition of-this point we need not address his other contentions.

The judgment is reversed, the indictment is ordered dismissed, and the appellant discharged under the terms of the Speedy Trial Act.