

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00150-CR
_____

IN RE LACHARLES CURTIS, RELATOR

_____

ORIGINAL PROCEEDINIG

_____

May 16, 2024

## MEMORANDUM OPINION

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

By this original proceeding, Relator, LaCharles Curtis, proceeding pro se, seeks a writ of mandamus against the Honorable William R. Eichman II, Judge of the 364th District Court of Lubbock County, Texas, to compel him to dismiss the case against him. For the reasons expressed herein, the petition for writ of mandamus is denied.[1]

#### BACKGROUND

According to Relator's petition, he has been incarcerated since February 2020. After he filed numerous motions for a speedy trial, the trial court held a hearing in

---

[1] Several days after filing this petition, Relator filed a subsequent petition raising the same complaints. This Court's disposition resolves both petitions.

December 2023, and set a trial date for March 18, 2024. He asserts the trial court announced the only way to delay the trial would be if defense sought a continuance. Relator's trial did not occur as scheduled, and he contends neither he nor his attorney agreed to a continuance. He maintains he filed motions to dismiss on September 20, 2023, and again on March 28, 2024, after the lapsed trial setting. He asserts Judge Eichman is depriving him of his rights in not dismissing the charging instrument.

**MANDAMUS STANDARD OF REVIEW**

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to

2

perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

## ANALYSIS

Relator's petition does not comply with most of the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. A petition must include the following: *Identity of Parties and Counsel*, *Table of Contents*, *Index of Authorities*, *Statement of the Case*, *Statement of Jurisdiction*, *Issues Presented*, *Statement of Facts*, *Argument*, *Prayer*, *Certification*, and *Appendix*. TEX. R. APP. P. 52.3(a)–(k). Most importantly, the appendix must include a certified or sworn copy of any order or document complained of to support the petition. TEX. R. APP. P. 52.3(k)(1)(A); *In re Ward*, No. 07-23-00220-CR, 2023 Tex. App. LEXIS 5150, at *3 (Tex. App.—Amarillo July 6, 2023, orig. proceeding).

Relator cites several authorities articulating the law on the right to a speedy trial and the remedy available for violations of that right. *See generally Hopper v. State*, 520 S.W.3d 915 (Tex. Crim. App. 2017), and *Trull v. State*, 721 S.W.2d 378 (Tex. App.—Tyler Sept. 30, 1986, no pet.). However, to be entitled to mandamus relief, a relator must comply with Rule 52.3 and establish entitlement to relief. Here, Relator has not provided any documentation to support his contention that he is entitled to dismissal of the charging instrument. He has not provided certified or sworn copies of any motions to dismiss filed and presented to the trial court. The petition is insufficient to establish whether Relator is entitled to mandamus relief. Although pro se filings are reviewed liberally, a pro se litigant

3

is not exempt from rules of procedure.  *Pena v. McDowell*, 201 S.W.3d 664, 667 (Tex. 2006).

## CONCLUSION

Accordingly, Relator's petitions for writ of mandamus is denied.


Alex Yarbrough
Justice


Do not publish.