Christobal GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–221–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1981.

Leonard M. Roth, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

SAM ROBERTSON, Justice.

The jury rejected appellant's plea of not guilty to the offense of aggravated robbery and the court, finding that he had previously been convicted of two separate felonies as alleged, assessed his punishment at life imprisonment. We affirm.

In his first ground of error, appellant contends that the trial court erred in overruling his motion to dismiss for failure to comply with the Speedy Trial Act, Tex. Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp. 1980–1981).

Appellant was indicted on September 5, 1978 and, before his arrest, the state first announced ready for trial on December 8, 1978. In April 1979, appellant was arrested in Calhoun County for another offense, and he was informed on April 21 that a hold had been placed on him by the Houston Police Department. Thereafter, the state again announced ready, appellant filed a pauper's oath, and counsel was appointed to represent him. His case was reset by agreement from July 27 to August 8 when the state again announced ready. Again the case was reset by agreement until September 18, then on an almost daily basis until September 26 when the state announced ready and the defense was not. On October 1, the case was tried, some 163 days after appellant was arrested.

The Texas Speedy Trial Act requires a court to set aside an indictment "if the state is not ready for trial" within certain time limits. When the state announces readiness for trial within the applicable time, the statute is prima facie satisfied subject to rebuttal. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). In the case before us, the state repeatedly announced ready within the 120 day time limit. Furthermore, the agreed resettings of the case are clearly excluded from the time as "a period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel ...." Tex. Code Crim.Pro.Ann. art. 32A.02, § 4(3). The only evidence offered by appellant in rebuttal of the state's announcement of ready was that subpoenas had not been issued by the state for its witnesses. This is insufficient evidence to rebut the state's prima facie showing of compliance with the statute. Appellant's first ground of error is overruled.

In his second and third grounds of error, appellant complains of the sufficiency of the evidence on two counts. First, he contends that the state failed to prove that the complaining witness was in fear of imminent bodily injury or death. Second, he contends that the state failed to prove the use or exhibition of a deadly weapon.

In Texas, a person commits a robbery if, in the course of a theft, he "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code Ann. § 29.02(a)(2) (Vernon 1974). Fear of bodily injury means fear of "physical pain, illness, or any impairment of physical condition." Tex. Penal Code Ann. § 1.07(a)(7) (Vernon 1974). The complainant here testified that appellant approached him from behind and that he "felt something" in his back. He asked "what do you need," and appellant answered "give me the money." The witness then told appellant to "take the knife away" and, as he moved, saw a knife with a blade between 3 and 5 inches long in appellant's

hand. Further, the witness testified that he was afraid. We find this to be sufficient evidence to support the jury's verdict and overrule appellant's second ground of error.

■ In his third ground of error, appellant contends that the state failed to prove the use or exhibition of a deadly weapon. Under the Texas Penal Code, a robbery is aggravated when the above mentioned fear of bodily harm is occasioned by the use or exhibition of a deadly weapon. Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 1974). A deadly weapon can be "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(11)(B) (Vernon 1974).

Because an ordinary pocketknife is not, per se, a deadly weapon *Limuel v. State*, 568 S.W.2d 309 (Tex.Cr.App.1978), we have examined the record to determine the sufficiency of the evidence as to whether by the manner of its use or intended use such a knife was capable of creating "a substantial risk of death . . ., serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Tex. Penal Code Ann. § 1.07(a)(34) (Vernon 1974).

■ The jury in the case before us heard testimony from a police officer with ten years experience that he had seen many stabbings from knives of the type testified to by the complainant and that such pocketknives are capable of causing serious bodily injury. This same jury heard testimony that the complainant felt something pushed in his back and saw appellant holding a knife. We find this sufficient evidence to support the verdict and overrule appellant's third ground of error.

In his fourth and fifth grounds of error, appellant contends the trial court erred in not dismissing the first of two enhancement paragraphs in the indictment. His grounds for such contention are two-fold. First, he contends that he was not represented by counsel at a revocation of probation hearing, and second, he contends the enhancement is based on an ambiguous and void

order. The exemplified copies of the Texas Department of Corrections records introduced before the court to prove the first enhancement paragraph contained a judgment, order granting probation, state's motion to revoke probation, and a photograph and fingerprints of the prisoner. While the judgment recites that appellant was represented by counsel (naming him), the order revoking probation is silent as to such representation.

■ The first time appellant contended that he had not been represented by counsel at the revocation of probation hearing was in his pro se motion for new trial. When the state tendered its evidence in support of the enhancement complained of, appellant's only objection referred to the date of the previous sentence. Since appellant did not properly preserve this ground of error, we do not rule on it.

In his last ground of error, appellant contends the same enhancement paragraph is based on an ambiguous and void order revoking probation. In the revocation order, signed by the trial judge, the following appears: "It is therefore ORDERED, ADJUDGED and DECREED by the Court that the punishment heretofore assessed in Cause No. 12827, as amended, be, and the same is hereby made effective, and the Defendant, Christobal Garcia delivered to the penitentiary officials, in accordance with law, at Huntsville, Texas." Appellant argues that the words "as amended" create two possible interpretations and this voids the order. As we read the documents in question, it is clear that the trial court assessed punishment and then suspended imposition of sentence and allowed probation. The order of which appellant complains revokes the probation and orders appellant confined to serve the punishment assessed.

We note that the formal sentence is not contained within the exemplified papers from the Department of Corrections. This, however, was not the basis of appellant's objection, was never brought to the attention of the trial court, and is not assigned as error on appeal. Nevertheless, we address the matter in the interest of justice.

It is clear that only a final conviction may be used for enhancement of punishment and that the pronouncement of sentence is essential to a final judgment of conviction. *White v. State*, 171 Tex.Cr.R. 683, 353 S.W.2d 229 (1961). It is also clear that a conviction is not final if imposition (or execution, as the statute previously provided) of the sentence is suspended and probation is granted. *Spiers v. State*, 552 S.W.2d 851 (Tex.Cr.App.1977). Finally, it is clear that a conviction is final even though probation was granted where it is proven that the probation was subsequently revoked and sentence pronounced. *Todd v. State*, 598 S.W.2d 286 (Tex.Cr.App.1980).

The question before us is whether in a case such as this, where no objection concerning finality was ever made, where the record of the prior conviction contains an order revoking probation and ordering the delivery of the person to the penitentiary to serve the punishment sufficiently shows a final conviction absent a formal sentence.

In addressing the problem it must be kept in mind that upon revocation of probation, sentence is immediately pronounced as the defendant does not have the ten days provided in Tex. Code Crim.Pro. Ann. art. 40.05 to file a motion for new trial or motion in arrest of judgment. To this extent, there is a real difference in what can occur following the entry of a judgment of conviction and the revocation of probation. We believe that based upon the facts of this case and the recitations in the revocation order the state proved, prima facie, the finality of the prior judgment. This being so, if the conviction was not final, it became a matter of defense, subject to proof. *Whiddon v. State*, 160 Tex.Cr.R. 23, 266 S.W.2d 167 (1954); *Ellis v. State*, 134 Tex.Cr.R. 346, 115 S.W.2d 660 (1938).

The judgment is affirmed.