**Charlie C. WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0115–CR.**

Court of Appeals of Texas, Tyler.

Jan. 20, 1983.

See also 629 S.W.2d 262.

Gary W. Smith, Highlands, for appellant.

John B. Holmes, Jr. Dist. Atty., Houston, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a conviction for attempted murder. After a plea of not guilty, the jury found appellant guilty and assessed his punishment at twelve years confinement in the Texas Department of Corrections.

We affirm.

The record reflects that on the afternoon of May 17, 1979, appellant shot Claude Gabriel, complainant herein, in the neck with a gun, following a scuffle at the 500 block of San Jacinto Street in downtown Houston, Texas.

Two attorneys, Catherine Greene and Janet Seymour, who were eyewitnesses to the shooting, testified: that they were approached by a young man, later determined to be complainant Gabriel, as they parked Seymour's car near the corner of San Jacinto and Texas Streets in downtown Houston between 2:00 and 3:00 p.m. on May 17, 1979; that Gabriel asked Greene and Seymour (who were going to a law office at 609 Fannin) to call the police and then walked away; that they followed the man and saw him talking to appellant; that a scuffle ensued between the two men and they observed appellant strike Gabriel who fell to the ground; that as Gabriel lay on the ground with his hands up to his face, appellant produced a gun, straightened his arm and shot Gabriel in the neck; that it appeared the bullet entered his neck near the shoulder and exited out the middle of the

back. W.J. Schultea, a Houston police officer, who was on traffic control duty in the vicinity at Texas and Caroline Streets testified: that upon hearing the gunshot, he went immediately to the scene of the shooting; that upon arrival appellant walked up to the police car, showed him a .38 caliber snub-nosed pistol and stated, "this is the gun I shot him with." The officer took appellant into custody, checked the weapon and determined that it contained five live rounds and one spent hull. Shortly thereafter, Gabriel was taken by ambulance to a nearby hospital for treatment of his gunshot wound. Kenneth R. Mullinix, another eyewitness, gave testimony regarding the shooting as he observed the incident from his van parked nearby.

Appellant brings three grounds of error. In his first ground, appellant complains that the trial court erred in failing to grant appellant's motion to dismiss the case under Article 32A.02, V.A.C.C.P., known as the Speedy Trial Act.

Article 32A.02 § 1(1), *supra,* provides:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the State is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony.

The court in *Barbee v. State,* 432 S.W.2d 78 (Tex.Cr.App.1968) held that computation of times provided in the Code of Criminal Procedure is controlled by the provisions of Article 5429b–2, § 2.04(a), (b), V.A.C.S. (Code Construction Act), which provides in pertinent part:

(a) In computing periods of days, the first day is excluded and the last day is included.

The record herein reflects the following chronology of events: (1) the appellant was arrested on May 17, 1979, the date of the offense; (2) the appellant was indicted on May 25, 1979; (3) an agreement dated June 1, 1979, signed by counsel for State and appellant, continued the case with court approval for a pre-trial conference on June

21, 1979; (4) an agreement dated June 21, 1979, signed by counsel for State and appellant, continued the case with court approval for trial on August 6, 1979; (5) an agreement dated August 6, 1979, signed by the appellant, his counsel and State's counsel, continued the case with court approval for trial on August 27, 1979; (6) on August 27, 1979, the State announced ready for trial with its witnesses present; (7) based upon a representation made by defense counsel on August 27, 1979, a motion for psychiatric examination was filed by the State on August 29, 1979, and granted by the court on September 4, 1979; (8) an agreement dated September 4, 1979, signed by the appellant, his counsel and State's counsel and approved by the court, continued the case for a psychiatric examination to October 2, 1979, and for jury trial October 22, 1979; (9) on October 23, 1979, the State again announced ready when the case was called for trial. On that date appellant filed and presented his pro se motion to dismiss the indictment alleging a failure of the State to comply with the Speedy Trial Act. Thereupon, the trial court stated into the record, as shown by the statement of facts that the State had previously announced ready for trial with its witnesses present at the setting of the case for trial on August 27, 1979. The statement of facts further reflects that the State's counsel made a similar statement into the record confirming that the State had announced ready for trial on that date. No evidence was introduced by appellant to rebut these statements. The appellant's motion to dismiss was overruled by the court and the trial commenced with jury selection on October 23, 1979. As shown by the record herein, we hold that the State announced ready for trial on August 27, 1979, that is, within 120 days from the date the appellant was arrested, and thereby fulfilled the requirements of the Speedy Trial Act.

Furthermore, the Speedy Trial Act provides that all periods of delay resulting from a continuance granted at the request or with the consent of the defendant *or* his counsel shall be excluded for purposes of determining the time within which the State must be ready for trial. Article 32A.02, § 4(3), V.A.C.C.P. Also excluded from this time period is any reasonable period of delay resulting from a proceeding for determination of an accused's competence to stand trial or for hearing on pretrial motions. Id, § 4(1).

The record reflects that four continuances were granted with the consent of appellant's counsel, thus tolling the running of the statutory period from June 1, 1979, through October 22, 1979. At one interval during this time period, that is, between August 27, 1979, and October 2, 1979, appellant was unavailable for trial because he was being psychiatrically examined to determine his competency to stand trial.

Viewing the entire sequence of procedural events and not counting the periods of delay excluded under Article 32A.02 § 4(1) and (3), we further hold that time began to run under the Speedy Trial Act with appellant's arrest on May 17, 1979, and ceased running on June 1, 1979, the date appellant's attorney signed the first of the four agreements for continuance. Appellant's first ground is overruled.

Appellant next asserts in his second ground of error that the evidence was insufficient to sustain the conviction because the State failed to prove the "corpus delicti" of the crime. Appellant complains that the complainant was not called as a witness by the State, but he fails to specify in what manner the proof presented by the State was defective and how that defect could have been remedied by testimony from the complainant.

In its broad sense, the term "corpus delicti" means proof that a crime has been committed by someone. At trial, the State must show the "corpus delicti" and connect it to the accused in order to sustain a conviction. That is, the State, in a criminal case, must prove all elements alleged in the indictment under which the accused is being tried. *East v. State,* 146 Tex.C.R. 396, 175 S.W.2d 603 (Tex.Cr.App.1942).

**74**

██ In the instant case, all elements of the crime of attempted murder were proved by the testimony of competent witnesses, even though the complainant was unavailable to testify. Appellant was definitely identified by two eyewitnesses as the one who shot the complainant with a gun on May 17, 1979, in Harris County, Texas. Both of said witnesses (Greene and Seymour) testified that appellant fired his pistol at close range into complainant's neck while complainant was on the ground with his hands over his face. The name of the complainant was shown to be Claude Gabriel through the testimony of Officer W.J. Schultea and also by appellant himself when he testified he shot a man named "Claude Gabriel," the name of the complainant as specified in the indictment. A pistol is a deadly weapon per se, and its use raises a presumption of an intent to kill. *Williams v. State,* 567 S.W.2d 507 (Tex.Cr. App.1978); *Jackson v. State,* 548 S.W.2d 685 (Tex.Cr.App.1977). This presumption coupled with the other testimony adduced by the State clearly supports the jury verdict. Appellant's second ground of error is overruled.

In his third and final point of error, appellant contends that he was deprived of his Sixth Amendment right to confront and cross-examine one of the witnesses against him because the complainant was unavailable to testify at trial.

██ We hold this contention to be without merit. It will be observed that the complainant was not a witness against appellant since he was not present at the trial to give testimony as such a witness, and no testimony of complainant was offered by the State. In *Chavez v. State,* 508 S.W.2d 384 (Tex.Cr.App.1974), the court held that an accused is not denied his right to confront or cross-examine a witness against him when the complainant does not appear and testify at trial and none of his testimony, if previously recorded, is introduced by the State. Appellant's third point is overruled.

We have also reviewed the pro se briefs filed by the appellant and find no complaint with merit stated therein. Furthermore, a discussion of the contentions advanced in the pro se briefs would add nothing to the jurisprudence of the State.

The judgment of the trial court is affirmed.