Kim Renee **SANDERS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–82–0503–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 3, 1983.

Robert A. Shults, Houston, for appellant.

J. Sidney Crowley, Houston, for appellee.

Before JACK SMITH, DUGGAN and LEVY, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a conviction for the offense of aggravated assault upon the appellant's plea of nolo contendere; the punishment assessed is confinement in the Texas Department of Corrections for a period of three years.

The appellant, a juvenile, was certified on October 29, 1981, to stand trial as an adult for the offense of murder. An examining trial in regard to the charges was held on March 10, 1982, and the trial court found probable cause to bind the case over to the grand jury. The appellant's motions to set aside the complaint and the indictment for failure to comply with the Speedy Trial Act, Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon 1979), were overruled by the court on May 7, 1982. On June 4, 1982, the appellant pled nolo contendere before the court, without a jury, to the lesser offense of aggravated assault. The court then assessed the appellant's punishment in accordance with the plea bargain agreement entered into by both sides.

The appellant contends in his sole ground of error that the trial court erred in failing to grant his motion to set aside the indictment pursuant to the Speedy Trial Act. In order to fully comprehend the appellant's argument we must examine § 54.02(h) of the Texas Family Code which provides in relevant part: "On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Tex.Code of Crim.Pro., 1965. The transfer of custody is an arrest." Therefore, appellant argues, the appellant was arrested for the purpose of the Speedy Trial Act on October 29, 1981, the date of his certification. No waiver of the provisions of the Texas Speedy Trial Act nor other waivers of the Act's provisions appear in the record so that all calculations of the Act's application in this case must be predicated upon that date. *Watson v. State,* 587 S.W.2d 161 (Tex.Cr.App.1979); Tex.Code Crim.Pro. Ann. art. 32A.02 § 1(1) and § 2(a) (Vernon 1979).[1]

In the instant case, no examining trial was held until more than one hundred and twenty days after the arrest of the appellant, the time limitation imposed by § 1 of

---

1. Art. 32A.02 Time limitations. Sec. 1. A court shall grant a motion to set aside an indictment, information, or complaint if the State is not ready for trial within:

    (1) 120 days of the commencement of a criminal action if the defendant is accused of a felony, . . .

    Sec. 2 (a) Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.

art. 32A.02. The indictment was not returned and filed with the court until in excess of a month after the date of the completion of the examining trial.

From the record in this case, the appellant argues that it is apparent that the State could not have been ready for trial within one hundred and twenty days from the arrest of the appellant. Further, he argues that since there was no waiver of the provisions of the Speedy Trial Act, and since no excuse of said delay is apparent in the record, the indictment against the appellant should have been set aside upon appellant's proper motion so to do.

But this argument fatally ignores § 3 of the Speedy Trial Act which provides:

> The failure of a defendant to move for discharge under the provisions of this article prior to trial or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article.

The appellant's plea of nolo contendere was the equivalent of a plea of guilty, *Fleet v. State,* 607 S.W.2d 257 (Tex.Cr.App. 1979), and entry of a plea of guilty constitutes a waiver of the rights afforded under the Speedy Trial Act. *Luna v. State,* 602 S.W.2d 267 (Tex.Cr.App.1980).

Ordinarily, matters raised by written motion filed before trial are preserved for appeal after a guilty plea, Tex.Code Crim.Pro.Ann. art. 44.02 (Vernon 1977), but the rule that a guilty plea completely waives the rights of the Speedy Trial Act is an exception to this general rule. *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr.App.1981).

The appellant's plea of nolo contendere waived any rights she may have had under the Speedy Trial Act, and nothing is presented for review. *Ramirez v. State,* 590 S.W.2d 509 (Tex.Cr.App.1979).

The appellant's ground of error is overruled and the conviction is affirmed.

