**Ivan Dewayne CALDWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–83–099–CR.**

Court of Appeals of Texas, Waco.

Dec. 22, 1983.

Discretionary Review Refused June 13, 1984.

Jeffrey G. Malm, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, Asst. Dist. Atty., Houston, for appellee.

HALL, Justice.

Appellant was convicted by a jury of the felony offense of theft. Enhanced by a prior felony conviction for theft, punishment was assessed by the jury at confinement in the Texas Department of Corrections for a term of ten years.

In his first three grounds of error, appellant contends this conviction should be reversed because the previous conviction used to enhance was void due to various alleged fundamental defects in the prior conviction indictment. These defects were not raised at the trial. The indictment complained of is not included in the record on appeal that the clerk has certified as a "complete, full, and correct record of the proceedings, as approved by the court ..." However, appellant has attached to his brief what purports to be a copy of the prior felony indictment.

 It is clear that this court cannot consider material not introduced into evidence at trial. *Smith v. State,* 573 S.W.2d 546 (Tex.Cr.App.1978). Since the indictment complained of does not appear in the record, we cannot consider the copy which appellant has furnished. *Martin v. State,* 492 S.W.2d 471 (Tex.Cr.App.1973).

Appellant relies upon the recent decision of *Duplechin v. State,* 652 S.W.2d 957 (Tex.Cr.App.1983) in which the Court of Criminal Appeals reaffirmed its holding in *Ex parte Nivens,* 619 S.W.2d 184, 185 (Tex. Cr.App.1981), that the absence of an objection at trial to the use of a prior conviction based upon a fundamentally defective indictment does not preclude a subsequent attack upon a conviction that utilized the prior conviction for enhancement purposes. In *Duplechin,* however, the Court noted that the indictment from the prior conviction was included within the record on appeal. This fact distinguishes *Duplechin* from the case under review. Appellant's first, second, and third grounds of error are overruled.

In appellant's fourth ground of error, he contends there was insufficient evidence to prove ownership of the property alleged in the theft indictment in this case. The indictment names John Vincent Mullarkey as the owner of the 52 sheets of plywood which had been taken. Mullarkey's testimony was that he was an employee and an agent of Chester Construction Company, working at the company's Greenbriar Colony Townhouses as sales representative. He testified that as part of his duties he routinely patrolled the subdivision several times a day. The plywood was owned by his company, and was to be used in the construction of townhouses being built on the company's property.

Appellant argues that the state did not prove that Mullarkey qualified as an "owner" under the provisions of the Texas Penal Code, § 1.07(a)(24), in that he neither had title, possession, nor a greater right to the property than appellant. We disagree.

 When the property referred to in an indictment is the property of a corporation, it is not only permissible, but also better pleading practice, to allege ownership in some natural person acting for the corporation. *Compton v. State,* 607 S.W.2d 246, 248, (Tex.Cr.App.1979). The court in *Compton* went on to state that "We must

look to the employment relationship to determine who is the proper owner." 607 S.W.2d 250.

 *Smallwood v. State,* 607 S.W.2d 911 (Tex.Cr.App.1980), which followed the rule set out in *Compton,* was much like our case factually. There, a department store loading dock worker tried to prevent a theft of merchandise from the store. Though the worker was expressly hired for the purpose of store security, the court held that it was not error to name the worker in the indictment as the owner of the property, because as an employee of the store he had a greater right to possession of the goods than did the thief. In our case, while it may not have been one of Mr. Mullarkey's express duties to patrol the premises, he did so consistent with his status as an employee of the corporation which owned the stolen property. As an employee, Mullarkey had a greater right to possession of the goods than did appellant. The State's evidence was sufficient to prove ownership in Mullarkey. Appellant's fourth ground of error is overruled.

Appellant's fifth ground of error is based on the fact that approximately 248 days elapsed between the date of appellant's arrest, October 23, 1981, and the commencement of the trial on June 28, 1982. Although the State was required to be ready for trial in this case within 120 days from the date of appellant's arrest, V.A.C.C.P. art. 32A.02, Sec. 1(1), under Sec. 4(3) of the statute all periods of delay resulting from a continuance granted at the request or with the consent of appellant or his counsel must be excluded. An agreed setting is such a continuance. *Garcia v. State,* 625 S.W.2d 831, 833 (Tex.Ct.App.—Houston [14th Dist.] 1981, Disc.Rev. ref'd). In our case appellant and his attorney signed six agreed settings and resettings between December 7, 1981 and June 2, 1982, totalling 154 days. Excluding these 154 days leaves approximately 94 days to the date of trial, well within the 120 days allowed. Ground of error number five is overruled.

The judgment is affirmed.