Jose Alfredo Robles GARCIA, a/k/a
Ramiro Gonzalez, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–024–CR.

Court of Appeals of Texas,
Corpus Christi.

June 28, 1984.

James R. Mardis, Ferrero, Brasch, Friebele, & Mardis, Harlingen, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

OPINION

SEERDEN, Justice.

On October 6, 1981, appellant was tried for aggravated robbery and was subsequently sentenced to five years in the Texas Department of Corrections pursuant to a plea bargain between himself, his counsel, and the State. He perfected an appeal of the conviction to this Court complaining, among other things, of the trial court's

refusal to grant his pre-trial motion to dismiss the case because of the purported violation by the State of the Texas Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1984). Based upon the ruling case law at the time, this Court, on December 30, 1982, dismissed the appeal for lack of jurisdiction. Thereafter, the Texas Court of Criminal Appeals reversed several of its prior decisions and held that a plea of guilty does not waive a person's right to complain of an adverse ruling on a pre-trial motion relating to a speedy trial. *Martin v. State*, 652 S.W.2d 777 (Tex.Crim.App.1983). The Court of Criminal Appeals then gave appellant the right to file an out-of-time appeal in this Court to review the merits of his speedy trial contention.

Appellant, a juvenile, was arrested on April 22, 1981. He was certified to be tried as an adult and his case was transferred from the Juvenile Court on May 26, 1981. The time period for speedy trial purposes initially began on this date. TEX.FAM. CODE ANN. § 54.02(h) (Vernon 1975); TEX.CODE CRIM.PROC.ANN. art. 32A.02 §§ 1(1) & 2(a) (Vernon Supp.1984); *Sanders v. State*, 651 S.W.2d 810 (Tex.App.— Houston [1st Dist.] 1983, no pet.).

On August 21, 1981, well within the 120 day time period provided for in the Speedy Trial Act, both sides appeared and announced ready. The court set the case for jury selection on August 24, 1981. After the voir dire had begun on August 24, 1981, it was discovered that the indictment alleged that the actions of appellant were "with the effective consent" of the victim instead of "without the effective consent". On the State's motion, the trial court dismissed the case and also granted appellant's motion for pre-trial release. Two days later, on August 26, 1981, appellant was re-indicted and, as stated at the beginning of this opinion, he was then tried on October 6, 1981.

The time period for speedy trial purposes on the indictment upon which appellant was convicted began on August 24, 1981. The dismissal of the first indictment, which occurred on that date was tantamount to a mistrial. Black's Law Dictionary, 903 (5th ed. 1979), defines a mistrial as "A trial which has been terminated prior to its normal conclusion." TEX.CODE CRIM. PROC.ANN. art. 32A.02 § 2(b) (Vernon Supp.1984) provides that if a defendant is to be retried after a mistrial, a criminal action (for speedy trial purposes) commences on the date of the mistrial.

In addition, TEX.CODE CRIM.PROC. ANN. art. 32A.02 § 2(c) (Vernon Supp. 1984) further provides that if an indictment is dismissed, the criminal action commences when the new indictment is filed in court unless, among other things, the defendant has been released on personal bond or bail.

Appellant was tried within 120 days of August 24, 1981, and was therefore not denied a speedy trial. His ground of error is overruled and the judgment of the trial court is AFFIRMED.