**Servando ORELLANA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–055–CR.**

Court of Appeals of Texas, Corpus Christi.

Feb. 14, 1985.

Humberto Trejo, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

OPINION

KENNEDY, Justice.

In a jury trial appellant was convicted of involuntary manslaughter. Punishment was assessed by the trial court at ten years' imprisonment. We affirm.

In his first ground of error appellant contends that he was denied a Speedy Trial as required by TEX.CODE CRIM.PROC. ANN. art. 32A.02 (Vernon 1984) of the Texas Code of Criminal Procedure. The original complaint was filed on March 10, 1983 and appellant was placed in custody on March 14, 1983, but he was not tried until October 18, 1983, a period far exceeding the 120 day period authorized. However, Section 4(3) of Article 32A.02 provides that in computing the time by which the State must be ready for trial, the State may exclude "a period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel . . . " [Emphasis added]. The record contains a series of "Agreed Settings" pursuant to which this case was repeatedly postponed. Each of the Agreed Settings was signed by appellant's trial attorney. At the hearing on the Motion to Dismiss for failure to grant a Speedy Trial, the trial judge specifically found that "all previous resets were by agreement between counsel for the defendant, the defendant, and the State [and that the] State announced ready before the expiration of a hundred twenty days." When the delay attributable to the agreed postponements is excluded, appellant was tried well within the 120 day period. *Garcia v. State*, 625 S.W.2d 831 (Tex.App.—Houston [14th Dist.] 1981, pet ref'd). Appellant's first ground of error is overruled.

In his second ground of error appellant contends that a juror conversed with the State's "main witness" during a recess from its deliberations and "that the State failed to rebut the presumption of harm resulting from jury separation." Ms. Felic-

itas Orellano, appellant's sister, testified that all the jurors had been allowed out of the courtroom for coffee and that she observed one of the jurors talking to Mr. Tony Rodriguez (a witness for the State) for about ten minutes when the witness returned. Appellant filed a Motion for New Trial in which he alleged that the juror had conversed with Tony Rodriguez "about the facts of the case resulting in injury to the Defendant" with "a juror, name unknown, but described as 5'10", blonde hair, round face, and heavy set ...." Ms. Orellano could not testify personally about what the juror and Mr. Rodriguez might be discussing because she could not understand English.

 Appellant concedes that the "law regarding juror separation is well stated in *McDonald v. State,* 597 S.W.2d 365, 367 (Tex.Crim.App.1980) ...." That case notes, however, that it is appellant's burden to insure that the record reflects that he did not consent to the separation; until this fact is established, the burden of negating harm from an improper separation need not be assumed by the State. *McDonald* at 367. In the case before us, appellant has neither alleged nor shown that he objected to the separation. Thus, the defendant has the burden to establish that if a conversation did occur between a non-sequestered juror and someone else, "the discussion involved matters concerning the specific case at trial." *Chambliss v. State,* 647 S.W.2d 257 (Tex.Crim.App. 1983). Although we would overrule appellant's contention on its merits, we need only find that the burden of proof rested with appellant, rather than the State, and that appellant failed to satisfy that burden. Appellant's second ground of error is correspondingly overruled.

 In his third ground of error appellant contends that the trial court erred by failing to order a pre-sentence investigation report from a probation officer, as required by the amendment to Article 42.12(4)(a) of the Texas Code of Criminal Procedure set out in House Bill 1178, 68th Legislature, Regular Session. We find, however, that

this issue has been resolved against appellant in the recently decided case of *State Ex.Rel. Turner v. McDonald,* 676 S.W.2d 375 (Tex.Crim.App.1984), in which the Court found invalid all the material provisions now asserted.

All of appellant's grounds of error are overruled and the judgment of the trial court is AFFIRMED.