James Barry ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 68727.

Court of Criminal Appeals of Texas, En Banc.

Jan. 29, 1986.

Rehearing Denied April 23, 1986.

W. Scott Carpenter, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Timothy G. Taft and Paul Coselli, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

W.C. DAVIS, Judge.

After appellant was certified as an adult, a jury convicted him of aggravated robbery. The trial court assessed punishment at twenty years' confinement.

Appellant alleges five grounds of error, three of which deal with the examining trial required after a juvenile has been certified as an adult for criminal prosecution. See V.T.C.A. Family Code, Sec. 54.-02(h). The remaining two grounds allege a violation of the Texas Speedy Trial Act. We turn to these grounds first.

On March 7, 1980 appellant was placed in a juvenile detention center after allegedly committing aggravated robbery, aggravated kidnapping and aggravated rape. He was sixteen years of age at the time. On June 17, 1980, the juvenile court waived jurisdiction of the case and transferred jurisdiction to the 248th Judicial District Court to deal with appellant as an adult. See V.T.C.A. Family Code, Sec. 54.02(h). Appellant was arrested the same day and a felony complaint was filed. On August 27, 1980, he was indicted for aggravated robbery and aggravated kidnapping. The State announced ready on October 20, 1980, and a pre-trial hearing was held on October 21, on appellant's "Motion to Set Aside the Indictment for Failure to Grant a Speedy Trial." The court overruled the motion.

Appellant contends that his right to a speedy trial was violated if the time is calculated either from March 7, when he was first placed in a juvenile detention center, or from June 17, when he was certified to be tried as an adult.

▪ The juvenile court has exclusive jurisdiction over a juvenile until it properly certifies its action and waives jurisdiction in accord with the provisions of V.T.C.A. Family Code, Sec. 51.04 & Sec. 54.02; *Ex Parte Trahan*, 591 S.W.2d 837 (Tex.Cr. App.1979). Delinquency proceedings are

civil in nature and the provisions of the Texas Code of Criminal Procedure do not apply. *J.J.H. v. State,* 557 S.W.2d 838 (Tex.Civ.App.1977); *In re V.R.S.,* 512 S.W.2d 350 (Tex.Civ.App.1974); *Lockamy v. State,* 488 S.W.2d 954 (Tex.Civ.App. 1972). Thus, the provisions of the Code of Criminal Procedure, including Art. 32A.02, V.A.C.C.P., do not apply until a defendant is certified as an adult and is transferred to a criminal court. See V.T.C.A. Family Code, Sec. 54.02(h); cf. *Garcia v. State,* 673 S.W.2d 696 (Tex.App.—Corpus Christi, 1984).[1]

In the instant case, appellant was certified as an adult, arrested, and a felony complaint filed against him, on June 17, 1980. Thus, June 17, 1980, is the date upon which the criminal action against appellant commenced for the purposes of the Texas Speedy Trial Act. See Art. 32A.02, Sec. 2(a), V.A.C.C.P.

■ Art. 32A.02, Sec. 1(1), V.A.C.C.P., requires that the State be ready within 120 days of the commencement of a criminal action if the defendant is accused of a felony. The State announced ready on October 20, 1980, which was 124 days after June 17, the day the criminal action commenced. The State did not announce that it had been ready any time prior to October 20. Thus, the State had the burden to show that sufficient time was excludable under Art. 32A.02, V.A.C.C.P., so as to meet the 120 day limit. *Lloyd v. State,* 665 S.W.2d 472 (Tex.Cr.App.1984).

■ The State argues that the period of time calculated from several continuances granted pursuant to agreed reset forms signed by appellant's attorney is excludable time under Art. 32A.02, Sec. 4(3), V.A.C.C.P.[2] The record contains four forms titled "Appearance Of Counsel And Agreed Set-

ting." The forms state that "The undersigned Counsel hereby agree this case is reset for ..." and blanks are left for the type of setting and the new setting date. Appellant's attorney signed each of the reset forms. The resets are from June 24 to July 17, from August 25 to September 4, from September 10 to September 12, from September 12 to October 3, a total of 55 days.

A long list of cases from the Courts of Appeals have held that time involved from resets agreed to by a defendant as shown by the agreed reset form, is excludable under art. 32A.02, Sec. 4(3), V.A.C.C.P. *Orellana v. State,* 686 S.W.2d 703 (Tex.App.—Corpus Christi, 1985); *Beddoe v. State,* 681 S.W.2d 114 (Tex.App.—Houston [14th dist.], 1984); *Caldwell v. State,* 672 S.W.2d 244 (Tex.App.—Waco, 1983); *White v. State,* 647 S.W.2d 71 (Tex.App.—Tyler, 1983); *Baty v. State,* 638 S.W.2d 185 (Tex. App.—Dallas, 1982); *Garcia v. State,* 625 S.W.2d 831 (Tex.App.—Houston [14th dist.], 1981); see and cf. *Corte v. State,* 630 S.W.2d 690 (Tex.App.—Houston [1st dist.], 1982); see also *Rosebury v. State,* 659 S.W.2d 655, 659 (Tex.Cr.App.1983), Clinton, J. concurring. We agree that the time involved because of the agreed resets is excludable under Art. 32A.02, Sec. 4(3), V.A.C.C.P.

Appellant's attorney signed the forms which stated he agreed to the new setting date. Agreeing to reset the case in this manner is a postponement or continuance granted "with the consent of the defendant or his counsel ..." Art. 32A.02, Sec. 4(3), V.A.C.C.P.

When we exclude those dates set forth in the reset forms, which total 55 days, the State is easily within the 120 day limit required by Art. 32A.02, Sec. 1(1), V.A.C.

---

1. Of course, a juvenile is protected by and can always assert his constitutional right to a speedy trial. *Matter of D.M.,* 611 S.W.2d 880 (Tex.Civ. App.—Amarillo, 1980); *Grayless v. State,* 567 S.W.2d 216 (Tex.Cr.App.1978).

2. Sec. 4 states: "In computing the time by which the state must be ready for trial, the following periods shall be excluded: ... (3) a period of

delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel, except that a defendant without counsel is deemed not to have consented to a continuance unless the court advised him of his right to a speedy trial and of the effect of his consent."

C.P. Appellant's grounds of error are overruled.

Appellant's three remaining grounds of error concern the examining trial held after the juvenile court waived jurisdiction and transferred appellant to criminal district court to be dealt with as an adult. V.T.C.A. Family Code, Sec. 54.02(h). Appellant contends that he did not waive his right to an examining trial, that he was denied a "meaningful" examining trial because of the procedure employed, and that there was insufficient evidence adduced to establish probable cause.

The court held a hearing on appellant's motion to set aside the indictment on the ground that he had not had an examining trial. See V.T.C.A. Family Code, Sec. 54.-02(h) and *Menefee v. State*, 561 S.W.2d 822 (Tex.Cr.App.1978). At the hearing the judge recalled that appellant, the defense attorney, and the prosecutor had agreed to stipulate that the examining trial would consist only of transcribed testimony from the certification hearing. He also stated that at a later date after he had read the transcribed testimony, he found sufficient proof to bind appellant over to the Grand Jury on the aggravated robbery and aggravated kidnapping charges, but insufficient proof on the aggravated rape charge.

The judge recalled appellant being present when the stipulation was made and that it was made in open court at the bench. However, there was no court reporter present when this stipulation was agreed to and, thus, no record of the proceeding was made.

Brian Rains, the prosecutor at the time the stipulation was entered into, testified that he had attempted to secure a waiver of the examining trial, but that when "it came time to sign Mr. Robinson's waiver of examining trial it was deduced that it wasn't needed because, in effect, which he had agreed to use the certification proceedings as an examining trial proceeding." Rains recalled that appellant was present during the conversation about the stipulation. Rains also stated that the transcript of the certification hearing was never formally marked and offered into evidence when the stipulation was made.

Harry Van Dielen, appellant's attorney at the time of the stipulation and at the certification hearing, testified that he and the prosecutor agreed to allow the Judge to review the certification transcripts instead of having live testimony, and that this stipulation was agreed to in open court before the bench. He did not remember whether or not appellant was present, although he admitted that it would have been a strange proceeding if he was not there.

Appellant testified that he had only been to court once, at the time the judge found probable cause on some grounds and not on one, and that he did not remember the trial judge asking him about stipulating to use certification testimony as the basis for the examining trial.

The State agrees with appellant that this is not a case of waiver because an examining trial was had by appellant. The State argues that the stipulation that the examining trial would consist of the transcript of the certification hearing is sufficient to satisfy the requirement of an examining trial.

Appellant contends that since the certification transcript was never formally entered into evidence there is no evidence upon which a finding of probable cause could have been based. The State responds that the stipulation is sufficient regardless of the failure to formally offer the transcript into evidence.

The record of the hearing reflects that appellant, his defense attorney, and the prosecutor stipulated before the judge that the certification transcript would suffice as the examining trial. The record also shows that the judge read the transcript and made his determination of probable cause from it.

Appellant does not contend that the testimony contained in the transcript is insufficient to show probable cause. Rather, he contends that since the transcript was not formally admitted into evidence, there is no evidence to support a finding of probable cause. We hold that the fact that the

transcript was not formally introduced into evidence does not affect the validity of the sufficiency of the certification transcript as evidence at the examining trial where all the parties agreed it was to be so used and no one objected to the procedure. The stipulation that it is to be considered evidence for the examining trial suffices to consider it as evidence. The ground of error is overruled.

Finally, appellant contends that this procedure in stipulating as to the evidence to be used in the examining trial deprived him of a "meaningful" examining trial and violated due process. The State argues that the stipulation that the examining trial would consist of the transcript of the certification hearing is sufficient to satisfy the requirement of an examining trial.

■ Appellant was represented by the same counsel at the certification hearing and at the time the stipulation was agreed to. At the certification hearing appellant's counsel extensively cross-examined the State's witnesses and called witnesses to refute the State's evidence. The allegations as to appellant's commission of the offenses was fully litigated. Appellant's right to confrontation, cross examination, and recording of testimony was fully protected and exercised at the certification hearing. Thus, the subsequent use of this testimony for the examining trial by agreement of all of the parties, did not deprive him of due process, since he was fully protected at the certification hearing. Cf. *Russell v. State*, 604 S.W.2d 914 (Tex.Cr. App.1980) for general discussion of Sixth and Fourteenth Amendment considerations.

One purpose of an examining trial for a juvenile is that it "furnishes another opportunity to have the criminal proceedings against the juvenile terminated and the jurisdiction of the juvenile court resumed." *Menefee*, 561 S.W.2d at 829. The use of the certification hearing testimony, wherein the issue of appellant's involvement in the alleged offenses was fully examined, cross-examined, and defended, provided the criminal district judge and appellant with such opportunity. That appellant subse-

quently agreed to use this certification testimony in transcribed form for an examining trial in lieu of live witnesses, does not undermine or nullify the purposes of an examining trial for a juvenile who has been certified as an adult. Appellant was accorded a "meaningful" examining trial. The grounds of error are overruled.

The judgment is affirmed.

CLINTON, J., dissents.

TEAGUE, Judge, dissenting.

I am compelled to file this dissenting opinion because the majority opinion is in conflict with what a majority of this Court recently stated and held in *Ex parte Green*, 688 S.W.2d 555 (Tex.Cr.App.1985), regarding the applicability of the Code of Criminal Procedure to juveniles. I am also compelled to dissent because the majority opinion erroneously holds that the "Harris County reset forms", which are contained in the record on appeal, reflect that when counsel for James Barry Robinson, hereinafter referred to as the appellant, signed them, this amounted to the appellant agreeing to a legal continuance. The record clearly reflects that the appellant did no such thing.

In *Ex parte Green*, supra, a majority of this Court stated and held the following:

Once a juvenile is 'certified' as an adult under V.T.C.A. Family code, Section 54.-02, it makes no difference that 'said cause' began as a civil proceeding ... since '[o]n transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965.' Section 54.02(h), supra. *We do not think that in enacting Article 42.03, Sec. 2(a) [V.A.C.C.P.] the Legislature intended that an individual detained as a juvenile and later certified an adult, then prosecuted and sentenced accordingly, should be treated any differently than one who is initially detained as an adult.* (My emphasis.)

But, today, the majority opinion states the following:

"Delinquency proceedings are civil in nature and the provisions of the Texas Code of Criminal Procedure do not apply ... Thus, *the provisions of the Code of Criminal Procedure, including art. 32A.02, V.A.C.C.P., do not apply until a defendant is certified as an adult and is transferred to a criminal court.*" (My emphasis.)

If the provisions of Art. 42.03, Sec. 2(a), of the Code of Criminal Procedure can be used to give a juvenile credit on his sentence for the time he was confined in a juvenile detention center, which was before he was certified to stand trial as an adult, then I must ask: Why isn't the time that a juvenile was confined in a juvenile detention center not to be considered when the provisions of Art. 32A.02, V.A.C.C.P., the Speedy Trial Act, are involved? Shouldn't the majority opinion at least explain to the members of the Bench and Bar of this State how in one instance the Code of Criminal Procedure can be invoked and applied to a criminal cause that involves a juvenile, before he is implicated in the adult criminal process, but in another instance, that also involves a juvenile who is implicated in the adult criminal process, the Code of Criminal Procedure does not become effective "until a defendant is certified as an adult and is transferred to a criminal court"? I think so.

The majority opinion also erroneously holds that for purposes of Art. 32A.02, supra, the "Harris County reset forms", that are present in this record, were "legal" continuances granted at the request or with the consent of the appellant, and any times thereunder are excludable for Speedy Trial Act purposes. If these were legal continuances I could agree with the majority opinion. However, there is not anything on the face of the reset forms, or in the record, which might reflect or indicate that the parties agreed to anything other than a setting date for the next step in the proceedings.

Records of causes that are pending before this Court, in which the applicability of "Harris County reset forms" to the Speedy Trial Act is at issue, show conclusively that such forms only represent satisfaction of procedural formalities that the criminal courts of Harris County use for docket control purposes, and only reflect that the case was reset to a particular date that was acceptable to the attorneys or the accused; in this instance, to counsel for the appellant. A trial judge in Harris County never approves the reset form; in fact, it is the rare instance when he is even implicated in the reset process; instead, it is the court coordinator who approves same because it is his or her responsibility to maintain control of the docket of the court.

If the word "continuance", that is used in the Speedy Trial Act, has the same meaning that the word "continuance", that is used in Chapter 29 of the Code of Criminal Procedure, which governs continuances, does, then these "Harris County reset forms" were not legal continuances and cannot be used to exclude any time under the Speedy Trial Act. Doesn't the majority opinion owe it to the Bench and Bar to discuss this issue? I think so.

Because of the above reasons, and what the majority fails to address, I must respectfully dissent.