Servando ORELLANA, Appellant,

v.

The STATE of Texas, Appellee.

No. 354–85.

Court of Criminal Appeals of Texas,
En Banc.

March 19, 1986.

Humberto R. Trejo, South Houston, for appellant.

John G. Holmes, Jr., Dist. Atty. and J. Harvey Hudson and Bob Loper, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON THE APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Although charged by indictment with committing the offense of murder, the jury found Servando Orellana, hereinafter referred to as the appellant, guilty of the offense of involuntary manslaughter. The trial judge assessed punishment at ten years' confinement in the Department of Corrections.

The Corpus Christi Court of Appeals affirmed the judgment of the trial court. See *Orellana v. State,* 686 S.W.2d 703 (Tex. App.-Corpus Christi 1985). In doing so, it rejected, inter alia, the appellant's contention that the trial court erred in overruling his motion to dismiss the indictment because he was denied a speedy trial pursuant to the Speedy Trial Act, because he was not tried within the 120 day required time limit provided by the provisions of Art. 32A.02, V.A.C.C.P.

Although we are unable to find any evidentiary support for the trial court's finding, that "The Court finds that all previous resets were by agreement between Counsel for the Defendant, the defendant, *and* the State," (our emphasis), the court of appeals, nevertheless, adopted that finding and held: "When the delay attributable to the agreed postponements is excluded, appellant was tried well within the 120 day period." (At 704).

The record of appeal of this cause does reflect that the trial judge asked trial counsel for the appellant the following question: "Well, isn't it true that all the previous resets previous to September the what, 6th, 1983 were by agreement between you and the State?" Counsel responded: "Yes, sir ..."

On November 13, 1985, we granted the appellant's petition for discretionary review in order to determine whether the court of appeals correctly held that the "Harris County reset forms", even though not personally joined in or signed by the appellant, and only signed by counsel, could be used in excluding any time from the required 120 day time requirement under Art. 32A.02, supra.

On January 29, 1986, a majority of this Court held in *Robinson v. State,* 707 S.W.2d 47 (Tex.Cr.App.1986), that "time involved from resets agreed to by a defendant is excludable under Art. 32A.02, Sec. 4(3), supra." It also held that "Agreeing to reset the case in this manner is a postponement or continuance granted 'with the consent of the defendant or his counsel ...' Art. 32A.02, Sec. 4(3), V.A.C.C.P."

By the opinion of *Robinson,* supra, the defendant in that cause, as here, did not personally sign or join in any of the reset forms, i.e., the record in *Robinson,* supra, only reflects that the reset forms had been personally signed by his attorney. Implicit in the majority opinion of this Court in *Robinson,* supra, is the holding that because there was no controverting evidence that the attorney was not authorized to sign the forms, he was deemed to have been authorized to sign the forms on behalf of the defendant, and a defendant cannot challenge on appeal that authority. Thus, even though it is not shown that the defendant personally signed or joined in any of the reset forms, under the majority decision of *Robinson,* supra, he is bound by the reset forms that his trial attorney signed on his behalf, unless the trial record reflects that the attorney signed on his behalf, unless the trial record reflects that the attorney signed on his behalf, unless the trial record reflects that the attorney was not authorized to sign the reset forms. In this cause, the attorney's authority to sign the reset forms was never challenged in the trial court. What a majority of this Court stated and held in *Robinson,* supra, controls the disposition that we must make of the issue before us.

■ The times in which the case was reset, through agreed resettings of the case only by counsel for the appellant, are excludable from the required time as "a period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel." Art. 32A.02, Sec. 4(3), supra. In this instance, when the delay attributable to the agreed postponements by the appellant's trial counsel is excluded, appellant was tried well within the 120 day time period.

The judgment of the court of appeals is affirmed.