NO. 07-02-0320-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 7, 2003

_____

CARLOS WAYNE TOOMBS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 44,997-E; HON. ABE LOPEZ, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Carlos Wayne Toombs appeals from his conviction for sexual assault of a child. The two issues before us concern his Sixth Amendment right to confront the witnesses and evidence presented against him and the effectiveness of his trial counsel. We overrule each issue and affirm the judgment of the trial court.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. § 75.002(a)(1) (Vernon Supp. 2003).

### *Issue One – Right to Confront Witnesses*

In his first point of error, appellant contends that he was denied his right to confront two police officers that the State purportedly subpoenaed to testify. The officers did not appear at trial. Furthermore, it was determined that the officers had not actually been subpoenaed. Nevertheless, the parties entered into a stipulation regarding the substance of the officers' testimony, and counsel for appellant read it to the jury. Because the officers did not appear and their testimony was presented through stipulation, appellant now believes that he was denied his Sixth Amendment right to confront them. We overrule the issue.

To the extent appellant complains of being unable to confront the two officers because they did not appear to testify, he was not deprived of the right at issue. It is axiomatic that the right to confront applies to evidence presented, or witnesses who testify, at trial. If the evidence is not presented or the witnesses do not testify, there can be no violation of the right to confront. Simply put, one cannot be said to have been denied a right to test evidence or witness testimony that was never tendered at trial. *See Chavez v. State,* 508 S.W.2d 384, 386 (Tex. Crim. App. 1974) (the accused was not denied his right to confront and cross-examine a witness against him when she did not appear and testify at trial and none of her prior testimony was introduced).

To the extent appellant suggests that he was denied the opportunity to confront the two officers since they effectively testified via the stipulation, we conclude that the doctrine of invited error applies. There is no evidence that either litigant was forced or coerced into executing the stipulation. Nor does anyone so contend. Nor does the record illustrate (or anyone contend) that the substance of the stipulation would have been admitted if the

2

stipulation was not executed. Thus, by executing the stipulation with the State when obviously knowing that the officers were not present to be questioned, appellant invited the situation about which he now complains (*i.e.* the inability to cross-examine the officers' testimony proffered through the stipulation). Having invited or created the situation, he is estopped from complaining about it. *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999), *cert. denied,* 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000) (discussing the doctrine of invited error).[2]

### *Issue Two –Effectiveness of Counsel*

Next, appellant asserts that his attorney was ineffective because he did not secure a ruling upon his motion for mistrial. Counsel moved for mistrial after it was discovered that the two officers mentioned in the preceding issue did not appear to testify. We overrule this issue as well.

As has been the rule for some time, claims of ineffectiveness must be firmly founded in the record. *Rios v. State,* 990 S.W.2d 382, 385 (Tex. App.—Amarillo 1999, no pet.). Implicit in this is the need to prove, among other things, that the act complained of actually occurred. And, since the act complained of is counsel's purported failure to secure a ruling upon his motion for mistrial, the record must show that the court did not rule on it. Yet, the

---

[2]Appellant states in his brief that the "fact that [his] attorney signed the written stipulation does not give [sic] evidence that [he] . . . was a willful participant in giving up his constitutional right." That may be true. However, neither at trial or in his brief did he contend that he 1) did not know of the stipulation, 2) did not agree to it, or 3) did not agree to waive any right to confront the absent officers. Nor does the record illustrate that the execution of the stipulation was anything other than voluntary. Appellant also fails to challenge the authority of his attorney to execute the stipulation on his behalf. Given the lack of such a challenge, we have no basis upon which to conclude that appellant was not voluntarily bound by the stipulation his attorney signed while representing him at trial. *See Orellana v. State*, 706 S.W.2d 660, 661 (Tex. Crim. App. 1986) (holding that even though the appellant did not personally sign the "reset" forms, he was bound by the forms unless the record reflected that counsel was not authorized to sign them).

record before us fails to do so. Indeed, in open court, counsel wanted it "noted for the record" that he requested a mistrial and that he expressly "except[ed] to the *denial* of our motion . . . ." (Emphasis added). This came after the court had conducted "in camera conversations" with the attorneys about the situation. Counsel's act of "except[ing]" to the "denial of [the] motion" for mistrial is some evidence from which one can reasonably infer that the motion was actually denied. At the very least, we cannot say the record firmly illustrates that the trial court failed to rule on the motion. And, because the record does not so illustrate, we cannot say that appellant established that his attorney failed to secure a ruling on the motion. Consequently, the claim of ineffectiveness is not firmly founded in the record before us.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice

Do not publish.

4