NO. 07-02-0454-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 22, 2007



______________________________




KAREN SNOW, APPELLANT



V.



RICHARD ROSEN, M.D., SWAT SURGICAL ASSOCIATES


AND DAVID HAYMES, JR., M.D., APPELLEES




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-512,239; HONORABLE BLAIR CHERRY, JR., JUDGE




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 

ORDER ON MOTION TO REINSTATE AND DISMISS APPEAL


 Appellant, Karen Snow, timely appealed the trial court's order granting the motion
for summary judgment of Appellee, David Haymes, Jr., M.D., and granting the motion to
dismiss of Appellees, Richard Rosen, M.D. and SWAT Surgical Associates. After the
clerk's record and reporter's record were both filed, on April 24, 2003, Snow filed a Notice
of Bankruptcy and the appeal was abated on May 15, 2003, pursuant to Rule 8.2 of the
Texas Rules of Appellate Procedure. 

 On June 13, 2007, David Haymes, Jr., M.D., filed a Notice of Termination of
Bankruptcy indicating that Snow's bankruptcy has been discharged. Attached to the notice
is a copy of the United States Bankruptcy Court's Order Approving Trustee Report and
Discharging Trustee dated May 18, 2007. Haymes requests that the abatement be lifted. 
The next day, Snow filed a Motion to Reinstate and Dismiss Appeal. Attached to the
motion is a copy of a letter from the Bankruptcy Trustee dated March 19, 2007, reflecting
that the bankruptcy proceeding would be dismissed. The appeal is reinstated and the
motion to dismiss is granted. Having dismissed the appeal at Snow's request, no motion
for rehearing will be entertained and our mandate will issue forthwith.


 Patrick A. Pirtle

 Justice


 



and
testify at trial and none of her prior testimony was introduced). 

 To the extent appellant suggests that he was denied the opportunity to confront the
two officers since they effectively testified via the stipulation, we conclude that the doctrine
of invited error applies. There is no evidence that either litigant was forced or coerced into
executing the stipulation. Nor does anyone so contend. Nor does the record illustrate (or
anyone contend) that the substance of the stipulation would have been admitted if the
stipulation was not executed. Thus, by executing the stipulation with the State when
obviously knowing that the officers were not present to be questioned, appellant invited 
the situation about which he now complains (i.e. the inability to cross-examine the officers'
testimony proffered through the stipulation). Having invited or created the situation, he is
estopped from complaining about it. Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim.
App. 1999), cert. denied, 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000)
(discussing the doctrine of invited error). (2) 

Issue Two -Effectiveness of Counsel


 Next, appellant asserts that his attorney was ineffective because he did not secure
a ruling upon his motion for mistrial. Counsel moved for mistrial after it was discovered that
the two officers mentioned in the preceding issue did not appear to testify. We overrule
this issue as well.

 As has been the rule for some time, claims of ineffectiveness must be firmly founded
in the record. Rios v. State, 990 S.W.2d 382, 385 (Tex. App.--Amarillo 1999, no pet.). 
Implicit in this is the need to prove, among other things, that the act complained of actually
occurred. And, since the act complained of is counsel's purported failure to secure a ruling
upon his motion for mistrial, the record must show that the court did not rule on it. Yet, the
record before us fails to do so. Indeed, in open court, counsel wanted it "noted for the
record" that he requested a mistrial and that he expressly "except[ed] to the denial of our
motion . . . ." (Emphasis added). This came after the court had conducted "in camera
conversations" with the attorneys about the situation. Counsel's act of "except[ing]" to the
"denial of [the] motion" for mistrial is some evidence from which one can reasonably infer
that the motion was actually denied. At the very least, we cannot say the record firmly
illustrates that the trial court failed to rule on the motion. And, because the record does not
so illustrate, we cannot say that appellant established that his attorney failed to secure a
ruling on the motion. Consequently, the claim of ineffectiveness is not firmly founded in
the record before us. 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice

 

Do not publish.

 

 

 

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. § 75.002(a)(1) (Vernon Supp. 2003). 
2. Appellant states in his brief that the "fact that [his] attorney signed the written stipulation does not give
[sic] evidence that [he] . . . was a willful participant in giving up his constitutional right." That may be true. 
However, neither at trial or in his brief did he contend that he 1) did not know of the stipulation, 2) did not agree
to it, or 3) did not agree to waive any right to confront the absent officers. Nor does the record illustrate that
the execution of the stipulation was anything other than voluntary. Appellant also fails to challenge the
authority of his attorney to execute the stipulation on his behalf. Given the lack of such a challenge, we have
no basis upon which to conclude that appellant was not voluntarily bound by the stipulation his attorney signed
while representing him at trial. See Orellana v. State, 706 S.W.2d 660, 661 (Tex. Crim. App. 1986) (holding
that even though the appellant did not personally sign the "reset" forms, he was bound by the forms unless
the record reflected that counsel was not authorized to sign them).