650·15

CAUSE NO. 12-14-00011-CR

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

IN AUSTIN, TEXAS

ORIGINAL

MARQUEL JERMON SCOTT,
APPELLANT

V.

THE STATE OF TEXAS
APPELLEE

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 3 1 2015

Abel Acosta, Clerk

APPELLANT'S

PETITION FOR DISCRETIONARY REVIEW

NO. 12-14-00011-CR

COURT OF APPEALS

FOR THE TWELFTH DISTRICT OF TEXAS

AT Tyler, TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

JUL 3 1 2015

Abel Acosta, Clerk

On appeal from the Seventh District Court

of Smith County, Texas

Trial Cause No. 007-0154-13

The Honorable Kerry L. Russell, Presiding Judge

Respectfully Submitted

Marquel Jermon Scott – Pro se
TDCJ-ID No. 1908010
Polunsky Unit
3872 FM 350-South
Livingston, Texas 77351

Oral Argument is Respectfully Waived

TABLE OF CONTENTS                                     PAGE

INDEX OF AUTHORITIES                 ..................        ii

STATEMENT REGARDING ORAL ARGUMENT ................          i

STATEMENT OF THE CASE                ..................        1

STATEMENT OF PROCEDURAL HISTORY   .................          1

GROUNDS FOR REVIEW                   .................        2-7

       FIRST GROUND FOR REVIEW:THE COURT OF APPEALS ERRED WHEN IT HELD
       THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE JURY'S IMPLICIT RE-
       JECTION OD APPELLANT'S SELF-DEFENSE  CLAIM.

ARGUMENTS AND AUTHORITIES            ..................        3-7

PRAYER FOR RELIEF                    ..................        7,8

CERTIFICATE OF SERVICE .             ..................        8

APPENDIX                             ..................        9

Marquel Jermon Scott, Appellant v. The State of Texas,
Appellate No. 12-14-00011-CR
(Texas Appeal 12th Court of Appeals, Tyler, Texas
Delivered  April 30, 2015).


INDEX OF AUTHORITIES

Bolden v. State, 73 S.W.3d 428 (Tex.App. - Houston[1 Dist.]2002....        5

Caldwell v. State,672 S.W.2d 244(Tex.App. - Waco 1983)............          6

In re Winship, 397 U.S. 358, 364 (1970).............................        2

Moore v. State, 969 S.W.2d 4 (Tex.Crim.App. 1998)..................        2,3

Navarro v. State, 863 S.W.2d 119...................................        7

Satton , 804 S.W.2d at 914.........................................        4

Treuil v. Treuil,311 S.W.3d 114 (Tex.App. - Beaumont 2010).........        5

Williams v. State, 27 S.W.3d 599 (Tex.App. - Waco 2000)............        6

Zuliani v. State, 97 S.W.3d 589, 594(Tex.Crim.App. 2003)...........        2,3

CONSTITUTIONAL PROVISIONS, STATUTES AND RULES

U.S. CONST., amend XIV.............................................        2

Tex. Penal Code §9.31(a)...........................................        4,6
          §19.02(a)...........................................        3

Tex. R. App. Proc. 44,2(b).........................................        6
         66. et seq. ......................................        4

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

Comes Now, Marquel Jermon Scott, Appellant(hereinafter, Petitioner), in this cause, by and through himself Pro se, and pursuant to provisions of Tex. R. App. Pro. 66, et seq., moves this Court to grant discretionary review, and in support thereof would show the following:

## STATEMENT OF THE CASE

Petitioner was indicted for the offense of Murder on February of 2013 (CR 1), alleged to have occurred on November 26, 2012 (CR 282), which became the basis of his jury trial and subsequent Appeal. On January of 2014 Petitioner entered a "Not guilty" plea, and a jury was selected and parties proceeded to trial. (RR 15:219). After the jury returned a guilty verdict, punishment was imposed at Eighty (80) years confinement (CR 282; RR 16:196). Sentence was pronounced on January 2, 2014 and notice of appeal was timely given (CR 282, 287). The trial court entered a certificate of defendant's right to appeal. Thereafter, Petitioner's Appeal was timely perfected to the Court of Appeals for the 12th District of Texas, sitting in Tyler, Texas.

## STATEMENT OF PROCEDURAL HISTORY

Petitioner's conviction was affirmed on original submission to the Court of Appeals for the Twelfth District of Texas of April 30, 2015, Marquel Jermon Scott v. The State of Texas, No. 12-14-00011-CR(Tex.App. Tyler, delivered April 30, 2015)(Not designated for publication). Petitioner did not file a "Motion For Rehearing". Petitioner Petition for Discretionary Review was due on or before May 30, 2015, and a request for extension of time was filed that extended the deadline date to __July 31__, 2015, and if filed thereon and is timely filed in the court of appeals.

Page-1

FIRST GROUND FOR REVIEW: THE COURT OF APPEALS ERRED WHEN IT HELD THE EVI-
DENCE WAS SUFFICIENT TO SUPPORT THE JURY'S IMPLICIT REJECTION OF APPELLANT'S
SELF-DEFENSE CLAIM.

(FACTS IN SUPPORT)

The Court of Appeals has completely ignored the constitutional right of a
defendant under Due Process of law, to raise the issue of self-defense and
not have to relinguish the presumption of innocence right which is the prin-
ciple that a person is presumed innocent of a crime until proven guilty.
Moreso, the primary manifestation is the constitutional requirement that the
prosecution establish the defendant's guilt by proof beyond a reasonable
doubt. 397 U.S. 358. See also In re Winship, 397 U.S. 358, 364 (1970). In the
In the instant case the Appellate Court stated the correct principle to apply
during its standard of review of Petitioner's claim that, the evidence was
insufficient to support a finding against him beyond a reasonable doubt on
the issue raised of self-defense. However, during the Court's sufficency re-
view, it is quite clear from a review of the Court of Appeals opinion that;
1) the court overlooked critical facts in the record of undisputed testimony
evidence, that provided the proof Petitioner was required to prove that sup-
ported his "Self-defense claim. Zuliani v. State, 97 S.W.3d 589, 594(Tex.
Crim.App. 2003), and 2) overlooked the fact that the State asserted facts
are misplaced and misstated facts not supported and contradicted by the re-
cord.

[STANDARD OF REVIEW]

Petitioner ask this Honorable Court to take judicial notice of its de-
termination rendered in Moore v. State, 969 S.W.2d 4(Tex.Crim.App.1998),
which is a circumstance minus the acts and events, analogous to the instant
case at bar.  In Moore case, Tyron Parks testified that the shooting took
place in the highly charged atmosphere of a fight. He said that the victims
Boyd and Clark, were acting hostile and intoxicated. At one point during the

Page-2

altercation, Parks thought Boyd was trying to pull a pistol out. Later, Boyd pushed the Appellant, and then tried to grab Parks. Parks considered cutting Boyd's throat, but then decided against it and threw Boyd to the ground. Boyd got up and ran over to the car in the street next to the club, where Clark was revving the engine. Clark tried to run over the Appellant and Park's with the car, missed, and then backed up and tried again. It was at this point that Appellant got a rifle and shot Boyd and Clark. From the above stated events and acts, this Honorable Court held that:

> "the jury could have rationally found that such events would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection, and therefore the jury could have acquitted the Appellant of murder and found him guilty only of voluntary manslaughter. [Id. at 11]"

Looking at the acts and events in the instant case, there's nothing in the record that would have suggested a murderous attack was part of a premeditated scheme.

> "A person commits an offense of[murder] if he intentionally or knowingly cause the death of an individual." Texas Penal Code §19.02(a)(1).

The evidence as in Moore, clearly shows Petitioner's actions were evoked from the circumstance of putting him in fear of imminent bodily injury or death. Petitioner exhibited an act that any sane minded person would have done being place in the same circumstance, and the Common LAW of the land allows any person in fear of imminent bodily injury or death, to react in such a manner as Petitioner did, and not be considered an unlawful act. To say otherwise, is contrary to the "Self-defense", "Stand your ground," and "Multiple Assailants" law.

## ARGUMENT

A defendant claiming "Self-defense" has the burden of producing [some] evidence, that supports that particular justification. Zuliani, 97 S.W.3d at 594. Petitioner contends he did what was required by law, to support his

"Self-defense" claim and the follwoing pointed out facts do also.

CLAIM NO. ONE: THE COURT OF APPEALS OVERLOOKED UNDISPUTED FACTS OF TESTI-
MONY EVIDENCE THAT PROVIDED THE PROOF A DEFENDANT WAS RE-
QUIRED TO PROVE TO SUPPORT HIS SELF-DEFENSE CLAIM.

Once evidence is produced to support a self-denfense claim, the State then
has the burden to "disprove the raised defense." However, the Appellate
Court held contrary to this principle when it held:

> Moreover, "[d]efense evidence which is merely consistent with the
> physical evidence at the scene of the alleged offense will not rend-
> er the [s]tate's evidence insufficient since the credibility de-
> termination of such evidence is solely within the jury's province[,]
> and the jury is free to accept or reject the defense evidence."
> Saxton, 804 S.W.2d at 914; See Opinion at page 3 - top page.

This is the issue Petitioner presents before this Honorable Court for
for a determination of whether or not in light of the facts, and evidence
adduced at trial that establish a self-defense claim, does the Court of Ap-
peals decision to affirm reveals error to hold otherwise? The following
pointed out critical undisputed testimony from the record, clearly under-
mines the Court of Appeals determination/decision to affirm Petitioner's
conviction.

(TESTIMONY EVIDENCE IN SUPPORT OF SELE-DEFENSE CLAIM)

1. Petitioner was attempting to leave the club when he was approached
   by John Woods(hereinafter, Woods) and friends who confronted him.
   (14 RR:221)
2. Woods and friends approached Petitioner. (14 RR:221)(Specifically,
   Woods and ten to fifteen friends - Testimony undisputed)
3. Petitioner was verbally assaulted by Woods, who clearly threaten
   Petitioner by stating [he] would not leave the club alive. (13 RR:
   169; 14 RR:225)(threat to cause physical harm that would put any
   sane minded person in fear of imminent bodily injury or death)
4. Woods initiated the altercation by hitting Petitioner, who was
   thereafter knocked to the floor. (11 RR: 79-80; 13 RR:17, 72-73,
   174)

Combined above facts in numbers "3 and 4" clearly meets the assault dis-
discribed in the self-defense discription in the Penal Code §9.31(a) which
provides:

> "Assault is committed if a person intentionally, knowingly or reckless-
> ly threatens another with imminent bodily injury, cause bodily injury

to another, or cause physical contact with another when he knows or should reasonably believe that the other will regard the contact as offensive or provocative."

This definition alone applied to Petitioner's circumstance, had justified his action of using deadly force to protect himself, which such facts the Appellate Court has totally ignored.

> "The appellate court must review the evidence and any part of the record as a whole that illuminates the actual, not just theorelical, harm to the defendant. Bolden v. State, 73 S.W.3d 428(Tex.App. - Houston[1 Dist.] 2002, pet. ref'd.)

5. Upon landing on the floor four or five more assailant's joined in the attack, which is when Petitioner pulled a firearm in self-defense. (13 RR:68, 111, 129)

6. Before shooting at the victims, Petitioner fired a warning shot into the floor. (13 RR:11, 129)

7. The warning shot did not take its effect to stop the assault, which compelled Petitioner to fire at his assailant's which resulted in the death of Keeston Fields. (13 RR: 229-30)

8. Petitioner's acts of leaving the scene and throwing the firearm into a nearby creek was reactions out of fear and shock (14 RR:230-31), which some time thereafter Petitioner voluntarily turned himself in, and disclosed the location of the weapon. (14 RR:232)

> "An appellate court conducting a legal evidentiary sufficiency review cannot disregard undisputed evidence that allows of only one logical inference. Treuil v. Treuil, 311 S.W.3d 114(Tex.App. - Beaumont 2010).

Summarizing the above stated facts and undisputed testimony evidence, it is Petitioner's contention that upon being hit by Woods (11 RR:79-80; 13 RR:17, 72-73, 174), and another assailant (13 RR:170-73) who was wearing the color of white (14 RR:204 ; "State's witness Deron Dews), clearly reveals an asault occurred to justify Petitioner's behavior to defend and use deadly force, based on the facts establishing two or more assailant's. It is from this circumstance that Petitioner contends met the requirement needed to support his self-defense claim. Texas Penal Code clearly provides support to Petitioner's claim, that deadly force was warranted which provides in pertinent part:

> "A person is justified in using deadly force against another when and to the degree he reasonably believes the force is immediately necessary."

Reasonable belief has been defined under the Penal Code in the following fashion:

> "It is not necessary that there should be actual danger, as a person has the right to defend his life and person from apparent danger as fully and to the same extent as he would have were the danger real, as it reasonably appeared to him from his standpoint at the time." (REASONABLE BELIEF, Section 9.31(a) of the Texas Penal Code)

The Court of Appeals is required to review the entire record to determine whether a non-constitutional error had more than a slight influence on the verdict, and if it did the court must conclude that the error affected defendant's right in such a way as to require a "New trial." Rules App. Proc. Rule 44.2(b). Williams v. State, 27 S.W.3d 599, pet. ref'd. (Tex.App. – Waco 2000).

From the above foregoing stated facts, Petitioner contends this Petition for Discretionary Review should be granted to determine whether or not the Court of Appeals held true to its requirement upon considering the evidence in the record, and based its decision on the record evidence and not its own inference that conflicts with the existing law in this area. And determine if the court ignored Petitioner's proof that provided the facts and evidence to support a "Self-defense" claim.

CLAIM NO. TWO: THE COURT OF APPEALS OVERLOOKED THE FACT THAT THE STATE ASSERTED FACTS THAT ARE MISPLACED AND MISSTATED TEND TO PAINT A FALSE PICTURE OF THE FACTS.

> "Court of Appeals, on review of a felony conviction, cannot consider material not introduced into evidente at trial. Caldwell v. State, 672 S.W.2d 244, pet. ref'd. (Tex.App. – Waco 1983).

Petitioner contends that the following misstated facts should not have been considered or apart of the record.

I. It is understood by persons familiar with this behavior that purpose behind all the dancing and hand signing is "to start some trouble" as it is a "sign of disrespect." (11 RR:74)(State's Brief at 9). A misstated fact admitted without testimony of a expert witness to support an assertion not supported with facts, which only served as a prejudicial effect to inflame the minds of the jury.

II. Woods believed that at least two other individuals with Appellant also belonged to the insane Crip gang. (11 RR:75). Missatated fact because from this same witness, he stated Petitioner was sitting

Page-6

at a table with a woman only.(11 RR:64).

III. Woods tried to intervene to head off any conforntation. (11 RR:78) Disputing testimony reveals: a) Woods approached Petitioner to discuss the facebook matter, and Petitioner offered to buy Woods a drink. (11 RR:65); b) State's witness Ms. Johnson told jury that when she saw Woods approach Petitioner, he told him I've been wait- to get at you nigga (13 RR:154).

IV. The victim Keeston was not involved in the altercation, he was an innocent bystander.(State's Brief 7,8). Thus, testimony reveals: c) that Keeston was in the group that was backing up Woods.(13 RR:82, 85)

Petitioner contends that this court should also consider the following facts that the Court of Appeals had to overlook, which add weight to his self-defense claim:

A. Woods was the agressor who started the altercation. (13 RR:169) and Petitioner's trial counsel, and the prosecutor both agreed that Woods was the aggressor outside the presence of the jury, which is a factor that should have been made known in the presence of the jury.

B. There was expert testimony that revealed Petitioner's firearm was only fired Five (5) times. (14 RR:25-26)

C. If victim Keeston was turning around to flee as asserted by the State, then he would have been hit in the side or back, not in the chest as the evidence shows. Meaning he had to be close by Petitioner, facing toward Petitioner. ;and

D. Due to the fact that "involuntary manslaughter"' and "Criminal Negligent homicide" are lesser included offenses of Murder. Vernons Ann Texas C.C.P. art. 37.09. Navarro v. State, 863 S.W.2d 191. the Court should have "sua Sponte" submitted the charge.

Petitioner contends that in the interest of justice, this Honorable Court should consider the above asserted facts, and determine whether the "mechanistic formula" the Court of Appeals used to reach its decision conflicts with the existing law of "Self-defense" to merit reversing the Court of Appeals decision to affirm his conviction.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Petitioner/Appellant pray that this Court grant his request for discretuionary review, and after full briefing on the merits, issue an opinion resolving these important issues and conflicts in the case law by the Court of Appeals so that the Bench and Bar of this State will know how to address similar issues in the future.

Respectfully Submitted

_Marquel Scott_

MARQUEL JERMON SCOTT
PRO SE - PETITIONER
TDCJ-ID NO. 1908010
POLUNSKY UNIT
3872 FM 350-SOUTH
LIVINGSTON, TEXAS 77351


## DECLARATION

Petitioner, Marquel Jermon Scott, do declare under penalty of perjury, that the foregoing stated information is true and correct.

Executed this _____ day of July, 2015.

_Marquel Scott_

SIGNATURE OF AFFIANT


## CERTIFICATE OF SERVICE

I, certify that a true correct copy and the original of this "Petition for Discretionary Review" were forwarded to the following parties to this matter on the _____ day of July, 2015 by being placed in the U.S. Postal Mail Box, addressed to: COURT OF CRIMINAL APPEALS, CLERK
P.O. BOX 12308
Austin, Texas 78711

;and

to: Michael J. West, Assit. Crim. Dist. Atty.
Smith County Courthouse
100 N. Broadway
Tyler, Texas 75702

_Marquel Scott_

Signature of Affiant

APPENDIX

Marquel Jermon Scott, Appellant v. The State of Texas
Appellate No. 12-14-00011-CR
(Texas Appeal 12th Court of Appeals, Tyler, Texas
Delivered April 30, 2015).

OPINION

APPENDIX

# NO. 12-14-00011-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARQUEL JERMON SCOTT,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Marquel Jermon Scott appeals his conviction for murder. In one issue, Appellant contends that the evidence is insufficient to support the jury's implied rejection of his self-defense claim. We affirm.

## BACKGROUND

On November 26, 2012, Appellant, his fiancé, and three of their friends were socializing in the Hyenas Motorcycle Clubhouse. John Woods entered Hyenas and likewise was socializing with some of his friends, including Keeston Fields.

Appellant and Woods eventually engaged in a verbal altercation. As their argument escalated, a crowd gathered around them. Eventually, Woods struck Appellant. In response, Appellant pulled a gun and shot into the ground. As the crowd dispersed, Appellant shot at least one additional time.

Woods raced out of Hyenas, and Appellant chased after him. Appellant fired his gun at least two more times and then got in his vehicle and sped away. Appellant disposed of his gun, parked his car, secured a ride in another vehicle, and left the area.

The bullet from one of Appellant's shots struck Woods in the back. The bullet from another of the shots struck Fields in the chest. Fields died from his injuries, and Woods recovered from his.

Appellant was charged with the murder of Fields and the aggravated assault of Woods. Appellant turned himself in to the police and assisted in the retrieval of his gun. The murder charge proceeded to trial, and Appellant argued that he was not guilty because he fired his gun only in self-defense. The jury found Appellant guilty of murder and sentenced him to eighty years of imprisonment. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence is insufficient to support a finding beyond a reasonable doubt that he was not acting in self-defense. Specifically, Appellant argues that no rational factfinder could have concluded beyond a reasonable doubt that Appellant acted in any manner other than in self-defense.

### Standard of Review and Applicable Law

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010). The issue of self-defense is a fact issue to be determined by the jury, and a jury's verdict of guilt is an implicit finding that it rejected a defendant's self-defense theory. *Saxton v. State*, 804 S.W.2d 910, 913-14 (Tex. Crim. App. 1991). Accordingly, the jury's implicit rejection of a defendant's self-defense theory must be supported by legally sufficient evidence. *Id.* at 914. In reviewing the sufficiency of the evidence to support the jury's rejection of self-defense, we examine all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense and also could have found against the defendant on the self-defense issue beyond a reasonable doubt. *Id.*

When a defendant raises self-defense, he bears the burden of producing some evidence to support his defense. *See Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003) (citing *Saxton*, 804 S.W.2d at 913–14). Once the defendant produces some evidence supporting his defense, the state then bears the burden of persuasion to "disprove the raised defense." *Id.* The burden of persuasion does not require the production of evidence; it requires only that the state

2

prove its case beyond a reasonable doubt. *Id.* Moreover, "[d]efensive evidence which is merely consistent with the physical evidence at the scene of the alleged offense will not render the [s]tate's evidence insufficient since the credibility determination of such evidence is solely within the jury's province[,] and the jury is free to accept or reject the defensive evidence." *Saxton*, 804 S.W.2d at 914. When the evidence is conflicting, we generally defer to the weight the jury gave to the contradictory testimonial evidence. *See Bundy v. State*, 280 S.W.3d 425, 435 (Tex. App.—Fort Worth 2009, pet. ref'd) (finding evidence factually sufficient in face of contradictory testimonial evidence).

As applicable here, a person is justified in using deadly force in self-defense when and to the degree he reasonably believes deadly force is immediately necessary to protect the actor against the other's use or attempted use of unlawful deadly force. TEX. PENAL CODE ANN. §§ 9.31(a), 9.32(a)(2) (West 2011). A "reasonable belief" is that which "would be held by an ordinary and prudent man in the same circumstances as the actor." *Id.* § 1.07(a)(42) (West Supp. 2014).

**Application**

Several individuals witnessed the altercation that resulted in Fields's death and testified at trial. All of them testified that Woods and Appellant had an altercation, that Appellant fired a gun multiple times, and that Appellant was the only one to fire a gun. However, their testimony varied widely in several important particulars.

Some of the eyewitnesses claimed that Woods punched Appellant only once. Others claimed that he punched Appellant several times. Some claimed that Fields was not involved in the altercation between Woods and Appellant. Others claimed that Fields was beside Woods during the altercation. Some claimed that only Woods punched Appellant. Others claimed that Woods's friends also punched Appellant. One claimed that Woods did not punch Appellant, but instead only a friend of Woods punched Appellant. Some claimed that no one jumped on Appellant. Others claimed that several people jumped on Appellant. Some claimed that Appellant fired a warning shot into the ground and that Woods and his friends then backed away from him. Others claimed that Woods and his friends remained close to Appellant even after Appellant fired the first shot. Most claimed that only Appellant had a gun. Appellant claimed that Woods had a gun, but conceded that Woods never brandished the weapon.

3

Appellant further contended that Fields punched him even after Appellant fired a warning shot into the ground. He also testified that he fired one shot into the ground, and then he fired the second shot at Woods, but hit Fields instead. Appellant admitted that he shot Fields in the chest and Woods in the back after he fired the initial warning shot. But he contended that he was still scared of Fields and Woods when he shot them.

The jury also considered physical evidence. When Appellant was arrested, the State photographed him. This photograph, taken three days after the altercation, showed that Appellant had a "busted" lip but no bruising evident on his face. Additionally, the State established that the bullet that struck Fields was fired from Appellant's gun. Finally, the coroner noted that Fields had abrasions on his hand that were consistent with either having punched someone or having fallen on the ground.

It was the province of the jury to determine which of this conflicting testimony to credit and which to reject. *See Bundy*, 280 S.W.3d at 435. From the testimony, the jury reasonably could have determined that (1) Woods punched Appellant once, (2) Appellant responded to the punch by Woods by drawing a gun and firing a warning shot into the ground, (3) Woods and everyone else backed away from Appellant so that Appellant was not under a threat of any harm, and (4) Appellant then fired the gun again and hit Fields, resulting in Fields's death.

After viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found the essential elements of the offense and also could have found against Appellant on his self-defense issue beyond a reasonable doubt. *See Saxton*, 804 S.W.2d at 914. Therefore, we hold that the evidence is sufficient to support the jury's implicit rejection of Appellant's self-defense claim. *See id.* We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered April 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 30, 2015

NO. 12-14-00011-CR

**MARQUEL JERMON SCOTT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0154-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*